Judge Cabell
delivered the opinion of the Court.
In the first of these cases. Hunter .claims the right to the diversion and use of the water of Coles’ run, and founds his claim on more than twenty years possession by himself, and those under whom he claims.
It is abundantly proved by the evidence in the cause, that the use of the water in Coles’ run was originally applied for as a loan; that it was granted without consideration, as a loan; and that its subsequent enjoyment was *65 never claimed, otherwise than as a loan; and the bill puts it on this ground. The loan continued for more than twenty years, when Coalter, who had become the owner of the' land below the point at which the water of the run had been diverted, wanting the water for his own purposes, removed the obstruction which caused the diversion, and restored the water to its ancient channel. Hunter filed his bill to injoin this proceeding, and the Chancellor granted, and afterwards perpetuated the injunction.
The Chancellor founds his opinion on a dictum of Lord Ellenborough, in the case of Bealy v. Shaw, 6 East. 208, that “ twenty years exclusive enjoyment of water, in any particular manner, affordsa conclusive presumption of right in the party so enjoying it, derived from grant or Act of Parliament.” This doctrine of Lord Ellenborough, understood as he intended to apply it, is perfectly correct; but the language which he uses, even in that case, and in the sentences immediately preceding, will shew that he never thought of applying it to a ease like this. He says, “ the general rule of law, as applied to this subject, is, that independent of any particular enjoyment used to be had by another, every man has a right to have the advantage of a flow of water in his own lands, without diminution or alteration. But, an adverse right may exist, founded on the occupation of another; and though the stream be either diminished in quantity, or even corrupted in quality, as by the means of the exercise of certain trades; yet, if the occupation of the party so taking or using it, have existed, for so long a time as may raise the presumption of a grant, the other party, whose land is below, must take the stream subject to such adverse right;” and then follows the remark on which the Chancellor relies. It is clear, then, that he meant an enjoyment adverse to the right of the other party. He meant an enjoyment that excludes the idea of its being founded and continued in the loan, leave or favor of the other party. It is of the very nature of presumptive proof, *66 that it yields to that which is positive. When a loan is positively proved, how can we presume a grant ?
The law on subjects of this kind is well laid down in Campbell v. Wilcox, 3 East. 294. That was a right of way. The party who had been obstructed in the use, had been in possession of it for more than twenty years. The Judge at Nisi Prius instructed the jury, “that if they were satisfied that the enjoyment of the way was adverse, and that it had continued upwards of twenty years, it was sufficient ground for presuming a grant; that the use of a road, as matter of right, by those who claimed it, and submitted to as matter of right, by the possessor of the land through which it passed, was to be considered as an adverse enjoyment; but, that if the enjoyment had been by leave or favor, or otherwise than under a claim of right, it would repel the presumption of a grant.” This instruction was concurred in by the whole Cour.t of King’s Bench. If authority were desired, in a case so strongly supported by reason, it would be difficult to imagine authority more apposite.
Upon the merits, therefore, the decree of the Chancellor should be' reversed, and the bill dismissed.
But, if the merits were otherwise, the bill should be dismissed for want of jurisdiction-.
If Hunter had been in the actual enjoyment of the use of the water, and had reasonable ground to apprehend that Coalter intended to deprive him of that enjoyment, an application to the Chancellor to prevent this threatened injury, might have been proper. 'But, Coalter had actually removed the obstructions in the bed of Coles’ run, and had restored the water to its ancient channel, before the application made to the Chancellor. There was, then, no ground for his going into equity. A Court of Law was open to him, and was the proper forum for trying the right to the use of the water, and for giving damages for any obstruction of its enjoyment. On this ground-, also, the decree should be reversed, and the bill dismissed with costs.
*67 As to the case of Hunter v. Coalter, it is clearly not a case for a mill under the Act of Assembly. The law gives the Court no power to condemn lands for a tail-race; and this point is sufficient to put an end to the,case, without deciding the other questions made in the argument.
But, if this were a propfer case for a mill, the order giving leave to establish it was rightly reversed for its uncertainty. The jury suggested three plans, in each of which the damages were different, and in one of which the health of the neighbourhood would be injured. The County Court established the mill generally, without confining the applicant to either plan. -
The judgment of the Superior Court is, therefore, correct, so far as it reverses that of the County Court, and gives the costs in the said County Court; but is incorrect in not having dismissed the petition. It is, therefore, reversed; and this Court proceeding, &c. dismisses the petition. But, the appellee, being the party substantially prevailing, is to recover all costs.