Carr, J.
This case turns upon several opinions of the court below. The first and second instructions *558 asked of the court, I consider as essentially the same; to wit, to instruct the jury, that if it was proved to their satisfaction that the defendant, and those under whom he claimed, had been for more than 20 years in the exclusive and adversary possession and exercise of the right of raising the water in Naked creek to the height at which it stood when the grievance complained of was inflicted, such exclusive and adversary enjoyment and use must be taken by them as conclusive evidence of the right of the defendant to raise the water to that height. The court refused to give this instruction, and I think, very properly. The difference between time as a bar, and time used as evidence, is very clearly shewn by lord Mansfield, in The Mayor of Hull v. Horner, Cowp. 108. and Eldridge v. Knott &c. Id. 214. In the first he says—“ There is a great difference between length of time which operates as a bar to a claim, and that which is only used by way of evidence. A jury is concluded by length of time that operates as a bar: as where the statute of limitations is pleaded in bar of a debt; though the jury is satisfied that the debt is due and unpaid, it is still a bar. But length of time used merely by way of evidence, may be left to the consideration of the jury, to be credited or not, and to draw their inference one way or the other according to the circumstances.” In Coalter v. Hunter, 4 Rand. 58. the question was about a water right, and Hunter relied on the exclusive and uninterrupted use for more than twenty years; but though this was proved, it did not prevent the court from inquiring into the origin of the claim. They said, “ It is of the very nature of presumptive proof, that it yields to that which is positive.” They examined the evidence, and finding it to establish the fact that Hunter first acquired and afterwards held the use of the water by permission merely, they ask, “ When a loan is positively proved, how can we presume a grant?” Looking at the f nglish cases since lord Mansfield's time, we *559 find some seeming contrariety; but in the main, I think they clearly establish the same doctrine. In Holcroft v. Heel, 1 Bos. & Pul. 400. it would seem from the case as reported, that Eyre, C. J. decided the undisturbed possession of a market by the defendant for 23 years to be a clear bar to the plaintiff’s right of action. But from an explanation given of this case four years after in Campbell v. Wilson, 3 East 294. by Le Blanc, J. who had been of counsel in the cause, the facts appeared to be that the court did disapprove of the opinion given at nisi prius, that the time was a clear bar, and would have sent the case back; but they would have sent it with an intimation of their opinion, that if it went to trial on the same facts, it should be left to the jury to find for the defendants, upon the ground of the presumption of a grant after 20 years uninterrupted user of the market: and the plaintiff’s counsel said, that if it were to be left to the jury in that manner, with the recommendation of the court in favour of such presumption, it would answer no purpose to go to trial again. And in this case of Campbell v. Wilson, lord Ellenborough says—“It might indeed be too much to say, in the case of Holcroft v. Heel, that the adverse user of the neighbouring market for 20 years was a bar to the action by the grantee of the crown. In strictness it was not.” And Grose, J. says, “As to the question of law, I agree with the case of Holcroft v. Heel as it has been explained by my brother Le Blanc, but no further.” The case of Campbell v. Wilson clearly overrules that of Holcroft v. Heel, taken as reported. There, a right of way was in contest, and an adverse exercise of that easement for more than 20 years, under a claim of right, was proved. The judge at nisi prius instructed the jury that if they wore satisfied that the enjoyment was adverse, and had continued 20 years and upwards before the action, it was a sufficient ground for their presuming the grant pleaded by the defendant: but that if they were satisfied from the *560 whole evidence, that the enjoyment had been only by leave and favour, or otherwise than under a claim or assertion of right, it would repel the presumption of a grant. It is clear that the judges thought this instruction a little too broadly given; yet as the evidence did not in their opinion take away the ground of presumption, they thought it best not to send the cause back. Thus lord Ellenborough says (after stating the facts,) “ There was therefore no reason why the jury should not make the presumption, as in other cases, that the defendant acted by right; and that was in substance the direction of the learned judge.” G-rosesajs, “ It appears that the judge left the question to the jury upon the evidence, whether the enjoyment originated under a grant, or in any other manner ? and therefore I cannot say that upon this evidence the jury might not make the presumption which they have done; though had I been one of them, I do not know that I should have dared to do so.” Lawrence, J. says, “No doubt but that adverse enjoyment of the right of way for 20 . years, unexplained, is evidence sufficient for the jury to found a presumption that it was a legal enjoyment; and such, in effect, was the opinion of the learned judge in his' direction to them.” It is most clear, from all that is said in this case, that the court thought the 20 years possession no bar, but presumptive evidence only. I have stated this case the more fully, because of its bearing on the case of Bealey v. Shaw, 6 East 208. There the defendants had long possessed a mill, which was fed by water taken by a sluice from the river Irwell, leaving a considerable quantity still flowing in the channel of the river. In the year 1787 the plaintiff comes to a spot lower down the stream, and erects a weir, mill, and other works on his own land, and enjoys the rest of the water which the defendants had not been accustomed to divert. Four years after, the defendants so enlarged this sluice as to interfere materially with *561 the operation of the works below; for which the action was brought. It will be seen from this statement, that the question of 20 years possession could not arise here, and that every remark on that subject must be extrajudicial. Yet great reliance has been placed on an observation of lord Ellenborough. He says, “I take it, that 20 years exclusive enjoyment of the water, in any particular manner, affords a conclusive presumption of right in the party so enjoying it, derived from grant or act of parliament.” In the first place, this is an obiter dictum: in the second, though the word conclusive is rather oddly joined wilh the word presumption (it being of the very essence of presumptive evidence, that it must yield to stronger proof) yet we must understand lord Ellenborough to mean, by a conclusive presumption, a presumption which, unexplained or uncontradicted, will conclusively authorize a jury to find the fact. This construction is necessary to reconcile lord Ellenborough to the whole course of decision,—indeed to reconcile him with himself; for in the case last cited, of Campbell v. Wilson, decided only two years before this, lord Ellenborough and the whole court held that 20 years possession was simply presumptive evidence to be explained or rebutted like any oiher presumption. In Livett v. Wilson, 3 Bing. 115. 11 Eng. C. L. Rep. 57. upon a question of 20 years possession, Best, C. J. says, “ I do not dispute that if there bad been an uninterrupted usage for 20 years, the jury might be authorized to presume it originated in a deed; but even in such a case a judge would not be justified in telling a jury that they must, but that they may, presume a deed. If, however, there are circumstances inconsistent with the existence of a deed, the jury should be directed to consider them, and decide accordingly.” And the rest of the court were of the same opinion. I think, then, the judge was correct in refusing to instruct the jury that the 20 years possession was conclusive evidence of *562 right. I think he was correct too in the instruction which he did give; that is, that the testimony in the case of Aylor's complaints from time to time of the injury he received from the refluent water, and the evidence by which he attempted to shew that the present dam of the defendant is higher than the former, and that the injury complained of is of more recent date than the time of erecting the dam, &c. was proper to be considered by the jury as evidence to rebut the presumption. There are several cases in which complaints and claims are said to be sufficient to shew that the possession was not acquiesced in, but was a contested possession: Bealey v. Shaw is one of them. In the case before us, I am of opinion that the ground for presuming a deed is much weakened by considerations which do not apply to most of the'pnglish cases. No man undertakes to build a mill with us, until he has obtained leave of the court of the county in which the mill is situated. In order to get leave, he must have a writ of ad quod damnum. There must be an inquest of a jury, fixing the height of his dam, reporting what land will be overflowed, and several other matters. Upon consideration of the whole of these matters, the court, if they think it proper, give leave to erect the dam and mill. All this is of record, and under this record evidence the party proceeds to build his dam &c. This was the case with Donaghe. The inquest did not ascertain the height of his dam, in any other way than by saying he should not throw the water further back than a sill near Aylor's line. Can there be a rational doubt, that it was under this inquest and leave of the court he built his dam, and, by mistake probably, built it so high as to throw the water further back than the sill ? If he had relied on any other authority (such as a grant from Aylor) would he not have alleged it when Aylor was threatening suit and complaining that his dam was too high ? In the record purporting to con *563 tain all the evidence, the defendant produces, as the foundation of his right to build his darn, the proceedings in the county court. When it is so obvious to refer the dam and its height to this proceeding, does it not weaken much the ground of presuming any other authority ? 1 think so. And there is a case (Fenwick v. Reed, 5 Barn. & Ald. 228.7 Eng. C. L. Rep. 79.) which seems to bear out the idea. There a creditor by judgment, in the year 1752, by agreement with his debtor, entered into possession of a tract of land belonging to the debtor, to hold till his debt should be paid. He, and those who claimed under him, held till 1801, when the family of the debtor filed a bill to have a settlement and a decree for the land; and in 1821 the vice chancellor directed this action of ejectment to be brought. The question was whether, after this holding of 49 years, a deed ought not to be presumed ? The judge at nisi prim told the jury that the real question for them to consider was, whether they believed that a conveyance had actually taken place ; observing, that the loss of a deed of conveyance was less likely to take place, than of a grant of a right of way. A new trial was moved for on the ground of misdirection. Abbott, C. J. said, “ I am clearly of opinion that the direction was according to law. In cases where the original possession cannot be accounted for, and would be unlawful unless there had been a grant, the rule may perhaps be different; and all the cases cited are of that description. Here the original possession is accounted for, and is considered with the fact of there being no conveyance.” After some further remarks he concludes thus—“In my opinion, presumptions of grants and conveyances have already gone to too great a length, and I am not disposed to extend them further.” Holroyd, J. remarked—“ The true question was presented to the jury. In cases of rights of way &c. the original enjoyment cannot be accounted for, unless a grant has been made; and there *564 fore it is, that from long enjoyment such grants are presumed. But even in these cases, evidence to rebut such a presumption would be admissible.” I think 'this case illustrates strongly the difference between our mill cases, and the english cases of water rights, rights of way, &c. Upon the motion for a new trial I shall only say, that I think the court was right in refusing it.
I am for affirming the judgment, in omnibus.
Brockenbrougi-i, J. I concur in affirming the judgment.
Brooke, J.
I think the instructions to the jury asked for by the counsel for the defendant were correctly refused by the judge, and that the instruction given by the judge was proper on the case made by the bill of exceptions. What was said by lord Mansfield in the case of The Mayor of Hull v. Horner, Cowp. 108. that though the jury did not believe there was a grant, yet public utility required, for the quieting of rights, that they should presume a grant under the circumstances of that case, did not forbid the introduction of opposing evidence to prove that the presumption was unfounded; and though there is a want of precision in the reporters or the judges, in the language used, there can now be no doubt such evidence may be introduced. In Livett v. Wilson, 3 Bing. 115. 11 Eng. C. L. Rep. 57. much is said by all the judges to that effect, which I will not repeat here. But this presumption of a grant after 20 years exclusive and adversary possession and enjoyment of the way or water, can only apply to cases in which the possession can in no other way be accounted for, than by a grant from the plaintiff or those under whom he claims. Where that is not the case, the presumption must fail, as in the case before us. The use of the water is clearly accounted for. The establish *565 ment of mills is a matter publici juris, and without the r J . judgment of a court the defendant was not authorized to raise his dam so as to injure the plaintiff or any other person, nor could they grant him that right. To presume the grant of a thing which could not be granted by any individual, would carry the doctrine greatly beyond the reason of it; and in none of the cases has the presumption been relied on when the possession could be accounted for otherwise than by grant. I think the judgment must be affirmed.
Tucker, P.
I am of opinion that the instruction first asked for was properly refused. Whatever difficulty there may be in reconciling the various authorities, they all concur in making acquiescence or uninterrupted possession the foundation of the presumption. But here the defendant asks that the right should be presumed from exclusive and adversary possession alone, without making the freedom from interruption a term in his proposition. Again, notwithstanding some weighty opinions to the contrary, the preponderance of authority is clearly against the conclusiveness of the presumption. The court, therefore, ought not to have instructed the jury that it was conclusive, and the instruction which was given was altogether correct.
The last instruction asked for is still more objectionable, for it not only requires that the presumption should be conclusive, but that it should be raised from mere continued adversary possession, not only without acquiescence, but with the knowledge and against the con-' sent of Aylor. Now, the presumption of right or of a grant arises from the long acquiescence oí the party, and does not arise where the enjoyment is contested. Bealey v. Shaw, 6 East 216. It would be strange indeed if a grant was to be presumed to have been made by him, though he w'as continually contesting the right; and accordingly in the case of Livett v. Wilson, 3 Bing. *566 115. 11 Eng. C. L. Rep. 57. it is distinctly made an , f , , , answer to the presumption, that the user “ had been almost always the subject of contest.” It is also observable in that case, that no action had ever been brought asserting the rights of the party, and that his repeated complaints and denial of the title of his adversary were considered as sufficiently rebutting the presumption of a grant. I am therefore of opinion that this instruction was properly refused.
The motion for a new trial was also properly refused. If the evidence was not conclusive of the right, it was the province of the jury to decide upon its weight, and I see no reason for disturbing their decision.
I am of opinion to affirm the judgment.
Judgment affirmed.