## Richmond.

### HAMMOND V. RYMAN AND OTHERS.

November 16, 1916.

Absent, Whittle, J.

1. EQUITY PLEADING—*Demurrer—Bill Sufficient on Some Grounds.*— Where a bill sets up a right of way as appurtenant to complainant's land and as a way of necessity, and also by virtue of a writing executed by the defendant, and the allegations of the bill are sufficient to support the claim to the way both as appurtenant and as a way of necessity, a demurrer on the ground of the insufficiency of the writing was properly overruled.

2. EASEMENTS—*Private Road—When Appurtenant to Land Purchased.*—Where an owner sells a part of a tract of land to another, and at the time of the sale there is a private road leading from the land sold through the lands retained to a public road, and such private road is apparent, continuous and reasonably essential to the use of the purchaser at the time of his purchase and has been so ever since, covering a period of twenty-five years, such purchaser and those claiming under him are entitled to the use of such road as appurtenant to their purchase

3. EASEMENTS—*Private Road—Change of Location.*—Changes in the location of a private road made by the owner of the servient estate and acquiesced in by the parties entitled to the use of the road, are equivalent to changes of the route by agreement, and do not in any way prejudice the rights of the latter.

Appeal from a decree of the Circuit Court of Shenandoah county. Decree for complainants. Defendant appeals.

*Affirmed.*

The opinion states the case.

*Tavenner & Bauserman,* for the appellant.

*Walton & Walton,* for the appellees.

KELLY, J., delivered the opinion of the court.

This is an appeal from a decree declaring a private right of way and protecting the same against obstruction by a perpetual injunction.

From the very full history, as shown in the record, of the legal title to the lands affected by the right of way, and from the mass of testimony relating to the origin, location and use thereof, the following facts, which we regard as essential and controlling, satisfactorily appear:

Ephraim Hammond, in the year 1888, acquired title to a track of land containing 107 acres, abutting on a public road called the Stoner Mill road. To the north or west of this land, but not touched by it, was another public road known as the Back road. At the time of Hammond's purchase, and for many years prior thereto, there was a road leading from the Stoner Mill road through this 107 acre tract, and thence, through other lands, to the Back road. It appears that there had originally been, and that there were during Hammond's ownership, several roads, or "trails" as he called them, leading out of the 107 acre tract to the Stoner Mill road. The road here referred to, however, was in the main well defined, followed a definite general course, and was much used by the neighborhood as an outlet to the Stoner Mill road. Hammond, for his own convenience and purposes, made certain changes in this route through his place until it assumed the location as existing when this suit was brought. All other outlets from the 107 acre tract to the Stoner Mill road have long since been closed.

In the year 1891, Hammond sold and conveyed to Franklin Spiker 61 acres of the 107 acre tract. This Spiker land was remote from the Stoner Mill road, but was visibly connected with it by the above mentioned road through the residue of Hammond's land. The deed from Hammond to Spiker did not mention any right of way, and, subsequently, Spiker requested Hammond to give him a writing to evidence the same, and Hammond did give him the following paper, dated February 10, 1892: "I hereby agree to give Frank Spiker privilege of a road to Stoner Mill road where most convenient." There seems to have been no other reason for requesting this paper than that Spiker, whose right to use the outlet had not been questioned by Hammond, was not satisfied with the terms of his deed and felt that he needed an express written assurance from Hammond.

By sundry mesne conveyances, the Spiker land, in 1909, passed to J. M. Ryman, who, like all of his predecessors in title, without question from any source, used the road through the Hammond land as an outlet to the Stoner Mill road, and continued to do so until it was obstructed by Hammond. Thereupon, Ryman and one Robert Bly, who owned a small tract of land (not a part of the 107 acres) adjoining Ryman's 61 acres, brought this suit.

A temporary injunction was granted, the obstruction was removed, and nothing further was done in the cause until about three years later, when Hammond filed his demurrer and answer.

Three grounds of demurrer were assigned. The first two were directed at Robert Bly's connection with the suit as a co-complainant with Ryman. The bill showed that Bly owned a small tract, about 8 acres, adjoining the 61 acres, but failed to show any facts entitling him to use the right of way in question. The demurrer, as to Bly, set up (1) a misjoinder of parties because of a want of privity or

common interest between Ryman and Bly, and set up also (2) a want of equity on the part of the latter. During the pendency of the suit, Ryman purchased from Bly the 8 acres, and, as the circuit court in its opinion says, "it does not seem necessary to give any further consideration to this claim." If there was a misjoinder, the court, in effect, followed the provisions of section 3258-a of the Code, by disregarding Bly entirely and proceeding solely in the name of Ryman. Conceding, as we do, that the bill failed to show any right to relief on behalf of Bly, it is sufficient to say that no relief was granted to him or to Ryman as his vendee. The decree deals expressly and only with Ryman's 61 acre tract and the right of way therefrom to the Stoner Mill road.

The third ground of demurrer relates solely to the writing, quoted above, given by Hammond to Spiker, and merely calls in question the sufficiency of that writing to create or pass any right which would run with the land. This is not a material issue. It is true that the bill refers to and quotes the writing in connection with a recital of the terms of the deed from Hammond to Spiker, but the gist of the case, as made by the bill, is that the right of way involved passed to Spiker and his successors in title by implication, both as appurtenant to the 61 acres and as a way of necessity. The allegations of the bill were sufficient to support the claim to the way in both aspects, and the demurrer was properly overruled.

Upon the merits of the case, as developed upon the bill and answer and the proof, the circuit court found, first, that Hammond and his predecessors in title did not appear to have any right, as a matter of law, to the outlet used by them through adjoining lands to the Back road, and, therefore, had a right of way by necessity to the Stoner Mill road; and, second, that, even if they did have such right

of way to the road on the north, that fact would not defeat their right to the way south or east acquired by them as an appurtenance under the purchase from Hammond. Much of the argument on behalf of the appellant is directed at that portion of the circuit court's opinion which recited that Ryman did not appear to have a right of way to the Back road. We do not think this question can affect the result. It might be very material if the decision turned solely upon the doctrine of way by necessity; but, independent of the way leading north to the Back road, we are of opinion, as was the circuit court, that "the right of way through this farm of Hammond's became appurtenant to the land which Spiker bought and adhered to it as completely as if in express language the right had been set out in the deed." The evidence leaves no room to doubt that this way from the 61 acres through the residue of the 107 acre tract to the Stoner Mill road, was apparent, continuous and reasonably essential to the use of the former at the time of Spiker's purchase, and has been so ever since. The case is controlled by the principles announced in *Scott* v. *Moore,* 98 Va. 668, 37 S. E. 342, 81 Am. St. Rep. 749, and *Muse* v. *Gish,* 114 Va. 90, 75 S. E. 764. This court in these cases has discussed those principles at length, with a rather full review of the authorities bearing thereon, and a repetition of that discussion here is unnecessary and would be unprofitable.

The appellant relies upon the case of *Ricks* v. *Scott,* 117 Va. 370, 84 S. E. 676, in which a claim to a right of way was denied, but that case is not at all in conflict with the conclusion reached here. As was said by Judge Cardwell, in delivering the opinion, *Ricks* v. *Scott* upon its facts was wholly dissimilar to the class of cases to which *Scott* v. *Moore* and *Muse* v. *Gish* belong. The instant case belongs to the latter class.

The changes in the location of the road, which were made by Hammond and for his own convenience, and acquiesced in by the owners of the 61 acre tract, were equivalent to changes of the route by agreement, and did not, in any way, prejudice the rights of the complainant Ryman. Jones on Easements, sec. 352.

There is no error in the decree, and it must be affirmed.

*Affirmed.*