## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

### JOHN T. AND HARRY L. MUNDEN v. WILLIAM ANDERSON MUNDEN.

March 15, 1923.

PRIVATE WAYS—*Way of Necessity—Injunction.*—In the instant case, a suit to enjoin the closing of a private way of necessity, defendant claimed that there was a public road running through complainant's tract, and that the right of way of complainant was not a way of necessity, but was established solely for the benefit of the predecessors in title of defendant, and that the right of complainant to use it was only under a license. The evidence failed to show that there was ever such a public road, but it did unquestionably show that, if it ever existed, it had long been destroyed by high tides and abandoned.

*Held:* That as complainant's farm and defendant's came from a common grantor, when the farm of complainant was conveyed, a right of way across the servient farm to the established public road was granted by implication, and that it was manifest that the only access which complainant had to any existing public road was across the farm of defendant, either over the abandoned right of way or the existing right of way which by consent had been substituted therefor.

Appeal from a decree of the Circuit Court of Princess Anne county. Decree for complainant. Defendants appeal.

*Affirmed.*

The opinion states the case.

*A. Johnson Ackiss,* for the appellants.

*E. J. Smith,* for the appellee.

PRENTIS, J., delivered the opinion of the court.

William Anderson Munden, hereafter called the complainant, instituted his suit against the appellants, here-

after called the defendants, alleging that Harry L. Munden had illegally closed up and obstructed a right of way across his land which had been long in use by the complainant and constituted his only means of access to the public road now in use, which lies on the south of the defendants' farm.   The two farms lie side by side, and are bounded on the east by the waters of Back Bay.   In 1868 both of these farms were purchased as an entirety by W. T. Munden, who in 1871 sold that part of the land now held by the complainant to John H. Munden, while the defendant, Harry L. Munden, at a later date acquired his title to the residue of the tract, which is the land over which this right of way is claimed.

The trial court entered a decree adjudging that "the plaintiff has a private right of way or easement over and through the land of the defendant, Harry L. Munden, the same running in a northerly direction from the public road, and about 170 yards west of the house of the defendant, Harry L. Munden, to the farm of the complainant," and awarded a perpetual injunction against any interruption or destruction thereof or interference with its proper and legitimate use by the complainant or his successors in title.   It is of this decree that the defendants complain.

The defense is based upon the claim that there has always been a public road running through both tracts of land along the edge of the marsh, and that the right of way claimed by the complainant is not a way of necessity, but that it was established solely for the benefit of the predecessors in title of Harry L. Munden, and that the right of the complainant to use it is only under a license revocable at the will of the owner of the servient tenement.

A careful consideration of the testimony fails to show that there ever was such a public road, but it does un-

questionably show that if it ever existed, it has long since been destroyed by high tides; that the waters of the bay have encroached upon it; that it has not been repaired by the public authorities for thirty years or more; and that by common consent of the coterminous landowners it has been abandoned, fences built across it, and the land extending across the old road and marsh to the waters of the bay used by them for pasturage. It is further shown that it could not be repaired except at prohibitive expense—an amount estimated to be equal to the value of either of the farms involved.

It seems to us therefore clear that, as these two farms came from a common grantor, when the farm of the complainant was conveyed, a right of way across the servient farm to the established public road on the south of such farm was granted by implication. All that has been done since has been by consent of as well as for the benefit of the owners of both farms and the defendant who has accepted the benefits accruing from the change in the location of the old road is estopped from repudiating the agreement. It is manifest that the only access which the complainant has to any existing public road is across the farm of the defendant, Harry L. Munden, either over the abandoned right of way or the existing right of way which by consent, express or implied, has been substituted therefor.

The case is controlled by the principle announced in *Scott* v. *Moore*, 98 Va. 668, 37 S. E. 342, 81 Am. St. Rep. 749; *Muse* v. *Gish*, 114 Va. 90, 75 S. E. 764; *Hammond* v. *Ryman*, 120 Va. 131, 90 S. E. 613, and the decree is plainly right.

*Affirmed.*