## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

REID AND OTHERS v. GARNETT.

January 15, 1903.

1. EASEMENTS—*Right of Way—Prescription—Exclusive Use—Acquies-cence—Verbal Denials.*—In order to establish a private right of way by prescription over the lands of another, the use and enjoyment thereof by the claimant must be shown to be adverse, under a claim of right, exclusive, uninterrupted and with the knowledge and acquiescence of the owner of the land over which it is claimed; and such use and enjoyment must continue for a period of at least twenty years. Enjoyment simply in conjunction with the public is not sufficient. The claimant must exercise the right by virtue of some claim existing in his favor independent of all others. The fact that an adjacent land-owner used the way more frequently than others, and occasionally did some work upon it, will not establish an exclusive use in him. Nor can the claim be said to have been acquiesced in by the land-owner where the latter, during the alleged twenty years of enjoyment, denied the existence of the right, and threatened to close the way. Exclusive and adversary use of an easement for twenty years is only presumptive evidence of the claimant's right, and may be repelled by proof of verbal denials of the right, and verbal protests and remonstrances against its use within the twenty years.

Appeal from a decree of the Circuit Court of Madison county, pronounced September 21, 1901, in a suit in chancery, wherein the appellee was the complainant, and the appellants were the defendants. A bill was filed by the complainant to enjoin the defendants from closing a road through their land.

*Reversed.*

The opinion states the case.

*Hay & Browning* and *T. C. Gordon,* for the appellants.

*Thrift & McMullen,* for the appellee.

BUCHANAN, J., delivered the opinion of the court.

In order to establish a private right of way by prescription over the lands of another, the use and enjoyment thereof by the claimant must be shown to be adverse, under a claim of right, exclusive, continuous, uninterrupted, and with the knowledge and acquiescence of the owner of the land over which it is claimed (*Gaines* v. *Merryman,* 95 Va. 660, 666, 29 S. E. 738; Washb. Easem. (3d ed) side p. 86); and such use and enjoyment must continue for a period of at least twenty years (*Cornett* v. *Rhudy,* 80 Va. 710).

It is conceded by the appellants (the Misses Reid, the landowners) that the appellee, Garnett, and those under whom he claims, have had the use and enjoyment of the way in question for more than thirty years, but it is denied that such use has been either exclusive or with the acquiescence of the landowners under a claim of right.

Does the record show that the appellee's use and enjoyment of the way was exclusive?

It appears that the way passes over the lands of the appellants for about one-fourth of a mile, in part through woods, and has been used by the owners of the land, the neighbors, and public generally for many years. The appellee testified, himself, that during his father's lifetime the way was not only used by his father, but by the public also. His father purchased the land now owned by the claimant in the year 1859, and held it until his death in the year 1873. The appellee proved by another witness, A. G. Smith, that the way had been

used by the Garnetts and the public generally for a period of thirty years, or, at least, from the year 1870 until the ford at the river was closed, which seems to have been only a few years prior to the institution of this suit. It thus appears from the claimant's own evidence that during his father's lifetime, and until the institution of this suit, or a short time before, the way was used by the public generally as well as by the Garnetts and their tenants. Where there has been the use of an easement for twenty years unexplained, it will be presumed to be under a claim of right, and adverse, and will be sufficient to establish a title by prescription and to authorize the presumption of a grant, unless contradicted or explained. But this presumption does not arise if the way is used in common with the public. Such common use negatives the idea of a presumption in favor of an individual, and does not thereby establish a private way. Washb. Easem. 97; *Day* v. *Allender*, 22 Md. 528; *Prince* v. *Wilbourn*, 1 Rich. Law, 58; Jones, Easem. sec. 274.

The use and enjoyment of a way in common with the public is not exclusive within the meaning of that term when used in reference to the acquisition of a private right of way by prescription. Whilst it is not necessary, in order to be exclusive, that he who claims the right of way should be the only one who can or may enjoy the same way over the land, yet his right must not depend for its enjoyment upon a similar right in others, and he should have the right to exercise it under some claim existing in his favor independent of all others. Washb. Easem. 97; *Cox* v. *Forrest*, 60 Md. 80; *Davis* v. *Brigham*, 29 Me. 403; Jones. Easem. sections 273, 274; *McKenzie* v. *Elliott*, 134 Ill. 156, 24 N. E. 965.

Where a land-owner keeps open and uses a way, its enjoyment and use by another in common with the public must generally be regarded as permissive or under an implied license, and not adverse, unless there be some decisive act on the part of

that other indicating a separate and exclusive use under the claim of right. See Washb. Easem. 97; Jones, Easem. section 288; *Kilburn* v. *Adams*, 7 Metc. (Mass.) 33, 39 Am. Dec. 754; *Com.* v. *Kelly*, 8 Gratt. 632; *Coberly* v. *Butler*, 63 Mo. App. 556.

A different doctrine would have a tendency to do away with all neighborhood accommodation in the way of travel, especially under the conditions which formerly existed in this State, and to some extent still exist. See *Com.* v. *Kelly, supra.* For if it were once understood that a land-owner, by allowing his neighbors or the public to pass through his lands without objection over a passway which he himself used, would thereby, after the lapse of twenty years, confer on such neighbors, or any of them, the right to compel the way to be kept open for his or their benefit and enjoyment, a prohibition against all such travel would immediately ensue.

There is nothing in this case to show that the use and enjoyment of the way or road by the claimant was different from that made by others of the public who used it, except that, being an adjoining land-owner, he used it more frequently, and occasionally did some work upon it. These are not such acts, in our opinion, as clearly indicate a separate and exclusive use under a claim of right, or that his use was under some claim existing in his favor independent of all others.

The next and remaining question is, was the appellee's claim of right to the way acquiesced in?

It appears that in the year 1880 or 1881, and before the expiration of twenty years from the time the right was first claimed, the land-owner denied the existence of the right and threatened to close up the road. Similar denials and threats were made on several occasions afterwards, coming down to a period within a year or two before the bringing of this suit, but no act was done to prevent the use of the way until March,

1901, when the land-owner's threats were carried into execution and the way closed.

The counsel of the claimant insist that mere denials of the right and verbal protests and remonstrances against its use do not negative the idea of acquiescence. This contention is based upon the theory that the claimant's right rests upon the adverse, exclusive and undisturbed use of the road for twenty years, and that such use is conclusive of the right, and cannot be rebutted by merely showing that the land-owner denied the right and protested against its user; and authorities are cited to sustain this view, among others, *Cornett* v. *Rhudy*, 80 Va. 710, which it is claimed overrules *Nichols* v. *Aylor*, 7 Leigh, 546, which held otherwise. The principal question in *Cornett* v. *Rhudy* was whether the time necessary to acquire a right to an easement by prescription was twenty years, or ten years west of the Alleghanies and fifteen years east of the Alleghanies, the period fixed by the statute of limitations for acquiring title to real estate by adversary possession. In discussing that question, the judge delivering the opinion of the court does use language which shows that he regarded twenty years' adverse, exclusive, and undisturbed use and enjoyment of an easement as affording a conclusive presumption of title. That question, however, was not involved in that case. What was said on the subject was by way of argument; was unnecessary to a decision of the question the court was considering. It was therefore a mere *dictum*, and cannot be regarded as overruling or as intended to overrule the case of *Nichols* v. *Aylor*, and the later case of *Field* v. *Brown*, 24 Gratt. 74, which follows and reaffirms *Nichols* v. *Aylor*,

*Nichols* v. *Aylor* was argued by very able counsel. Three of the four judges sitting delivered opinions. The leading English and Virginia cases upon the subject under consideration were reviewed, and the conclusion reached that exclusive and adversary use of an easement for twenty years was not con-

clusive, but only presumptive evidence of the claimant's rights, and that the land-owner had the right to rebut such presumption by showing that he had complained of such use and denied the claimant's right. President Tucker, in his opinion, said that whatever difficulty there might be in reconciling the various authorities, they all concurred in making acquiescence or uninterrupted possession the foundation of the presumption, and that, notwithstanding some weighty opinions to the contrary, the preponderance of authority was clearly against the conclusiveness of the presumption; that the presumption of right or of grant arises from the long acquiescence of the land-owner, and does not arise where the enjoyment is contested; that it would be strange indeed if a grant was presumed to have been made by him, though he was continually contesting the right; and accordingly, in the case of *Livett* v. *Wilson*, 3 Bing. 115, 11 E. C. L. 57, it was distinctly made an answer to the presumption "that the user had been almost always the subject of contest"; that it was observable in that case that no action had ever been brought asserting the right of the land-owner, and that his repeated complaints and denials of the title of his adversary were considered as sufficiently rebutting the presumption of a grant.

In *Field* v. *Brown, supra,* in which the question under consideration was directly involved, the court followed *Nichols* v. *Aylor,* and held that proof of adversary possession for twenty years, such as would create the presumption of a grant, was only presumptive and not conclusive, and might be rebutted by evidence showing that the adversary use and enjoyment relied on was not acquiesced in but the right was contested, and that the denial of the claimant's right by the land-owner as well as an action against him putting the right in issue, was proper evidence to show nonacquiesence on the part of the land-owner. The doctrine as laid down in these cases must therefore be regarded as settled law of this State, and is in ac-

cord with the decisions of courts of the highest respectability, if not indeed with the weight of authority. Washb. Easem. 112, 113; Goddard, Easem. (Bennett's ed.) 172, 173; *Powell v. Bagg*, 8 Gray, 441, 69 Am. Dec. 262; *Railway Co* v. *Hoag*, 90 Ill. 339, 348.

It follows from what has been said that we are of opinion that the Circuit Court erred in holding that the appellee had a right of way through the appellant's land; that the decree appealed from must be reversed, and this court will enter such decree as it ought to have entered.

*Reversed.*