Statement.

# Wytheville.

## WILLIAMS v. GREEN.

June 9, 1910.

Absent, Harrison, J.

1. EASEMENTS—*Private Right of Way—Prescription.*—In order to establish a private right of way over the lands of another by prescription, it must appear that the use and enjoyment thereof by the claimant was adverse under a claim of right, exclusive, continuous, uninterrupted and with the knowledge and acquiescence of the owner of the land over which it passes, and that such use has continued for a period of at least twenty years.

2. EASEMENTS—*Private Right of Way—Origin Unknown—Presumption.*—Where a way has been used openly, uninterruptedly, continuously and exclusively for a period of more than twenty years, the origin of the way not being shown, there is a *prima facie* presumption of a right or grant from the long acquiescence of the party upon whose land the way is. When there has been such a use for more than twenty years the *bona fides* of the claim of right is established, and the owner of the land over which the way passes must repel the presumption by showing permission or license from him or those under whom he claims, or denials or objections to such use made under circumstances that will rebut the presumption.

3. INJUNCTION—*Obstructing Private Right of Way.*—A mandatory injunction will be awarded to compel a party to reopen a private right of way which he has improperly closed.

Appeal from a decree of the Circuit Court of Appomattox county. Decree for the defendant. Complainant appeals.

*Reversed.*

The opinion states the case.

*F. C. Moon* and *S. L. Ferguson*, for the appellant.

*A. H. Clements*, for the appellee.

BUCHANAN J., delivered the opinion of the court.

The question involved in this case is whether the appellant is entitled to a private right of way over the lands of the appellee.

It appears that the way claimed by the appellant has been used for more than forty years by her and her predecessors in title without objection, until about August, 1908, when the appellee built a wire fence across the way which obstructed its use by the appellant. The long and uninterrupted use of the way by the appellant and those under whom she claims is not denied by the appellee, but her contention is that the said use was a mere license revocable at pleasure.

In order to establish a private right of way over the lands of another by prescription, it must appear that the use and enjoyment thereof by the claimant was adverse under a claim of right, exclusive, continuous, uninterrupted and with the knowledge and acquiescence of the owner of the land over which it passes, and that such use has continued for a period of at least twenty years. *Gaines* v. *Merryman*, 95 Va. 660, 29 S. E. 738; *Reid, &c.*, v. *Garnett*, 101 Va. 47, 43 S. E. 182, and authorities cited.

While the appellee claims that the appellant's use of the way was permissive or by license merely, there is no evidence of that fact, nor is there any evidence as to the manner in which the use originated. The appellant's witnesses (the appellee introduced none) all testify to the uninterrupted use of the way by the appellant and her predecessors in title for more than forty years, and that the appellant and her family have uninterruptedly and continuously (that is, whenever they desired to use it, as they had no other practicable way to a public road) used the way for more than twenty years.

It is also insisted by the appellee that the use of the way was not exclusive. It does not appear that any person other

than the owners of the land now owned by the appellant, and perhaps her tenants, used the way prior to the purchase of the land by the appellant. Since its acquisition by her there is no evidence that it was used by persons other than herself and family and their visitors.

Where a way has been thus used, openly, uninterruptedly, continuously and exclusively for a period of more than twenty years, the origin of the way not being shown, there is a presumption of a right or grant from the long acquiescence of the party upon whose land the way is. This presumption of a grant or adverse right is with us *prima facie* merely, and may be rebutted. *Nickols* v. *Ayler*, 5 Leigh 546; *Freld* v. *Brown*, 24 Gratt. 74; *Reid* v. *Garnett*, 101 Va. 47, 43 S. E. 182.

"In the absence of evidence," as was said by the Supreme Court of the State of Pennsylvania in *Worall* v. *Rhoads*, 2 Wharton 427, 30 Am. Dec. 274, "tending to show that such long continued use of the way may be referred to a license, or special indulgence, that is either revocable or terminable, the conclusion is that it has grown out of a grant by the owner of the land and has been exercised under a title thus derived. The law favors this conclusion, because it will not presume any man's act illegal. It is reasonable to suppose that the owner of the land would not have acquiesced in such enjoyment for a long period when it was to his interest to have interrupted it, unless he felt confident that the party enjoying it had a right and title to it that could not be defeated. And besides, seeing that it can work no prejudice to anyone excepting to him who has been guilty of great negligence, to say the least of it, public policy and convenience require that this presumption should be made, in order to promote the public peace and quiet men in their possession."

When there has been such a use for more than twenty years the *bona fides* of the claim of right is established and the owner of the land over which the way passes must rebut the .

presumption by showing permission or license from him or those under whom he claims, or denials or objections to such use made under circumstances that will rebut the presumption. See *Nickols* v. *Ayler, supra; Freld* v. *Brown, supra; Reid* v. *Garrett, supra; Walton* v. *Knight,* 62 W. Va. 223, 58 S. E. 1025.

The continuous, uninterrupted and exclusive use of the private way by the appellant over the lands of the appellee having existed for a period of more than twenty years, there is a *prima facie* presumption of a grant, and that such use was under a claim of right and adverse; and there being no evidence to rebut that presumption, the appellant's right to the private way was established, and the trial court erred in not so holding.

The decree appealed from must be reversed and set aside, and the cause remanded to the circuit court with directions to grant the injunction prayed for in the bill of appellant, and if insisted upon to ascertain the damages, if any, done the appellant by the obstruction of the private way.

*Reversed.*