## Staunton.

## MUNCY v. UPDYKE.

September 11, 1916.

Absent, Sims, J. *

1. EQUITY PLEADING—*Allegation of Facts—Conclusions of Law.*—Where a bill alleges a state of facts which, if proven, show that the complainant is entitled to a right of way by prescription, it is not necessary for him to state further that the facts alleged constitute a right of way by prescription, as this is a mere conclusion of law following from the facts stated.

2. EASEMENTS—*Prescription—Designation of Route.*—In a decree establishing a right of way by prescription, it is not necessary that the bearings and distances should be stated where the location of the road is clearly shown by the bill, exhibits, and evidence in the cause. A decree which describes the road as along the route of what is designated in the bill and proceedings as the "old Thompson road" from the middle of a designated creek to the public road, along the road heretofore traveled as indicated upon the map filed with the deposition of a designated witness, and is sufficient to enable one going upon the ground and making inquiry to determine the location of the road, that is all that is necessary or required.

3. EASEMENTS—*Prescription—Exclusive Use.*—In order to constitute an exclusive use of a road, it is not necessary for the plaintiff to show that he was the only one who used the road. "Exclusive" in this sense means that the use is a proprietary use and not a use by the public generally. When there has been such a use for more than twenty years, the *bona fides* of a claim of right is established, and the owner of land over which the road passes must rebut that presumption by showing permission or license from him or those under whom he claims, or denials or objections to such use under circumstances as will rebut the presumption.

Appeal from a decree of the Circuit Court of Wythe county. Decree for the Complainant. Defendant appeals.

*Amended and Affirmed.*

---

* Case argued before Judge Sims took his seat.

The opinion states the case.

*Williams & Williams*, for the appellant.

*W. B. Kegley* and *A. R. Porterfield*, for the appellee.

Harrison, J., delivered the opinion of the court.

The bill in this case was filed by the appellee, J. M. Updyke, praying for an injunction restraining the defendant, Patton Muncy, from obstructing a certain right of way through his land which the complainant claimed to be entitled to. The court granted a temporary injunction and subsequently, upon the hearing on the merits, entered a final decree perpetuating this injunction, from which decree the defendant, Muncy, has taken this appeal.

Appellant contends that it is not alleged in the bill that the appellee was entitled to a right of way by prescription, and, therefore, that it was error to overrule appellant's demurrer to the bill and grant the appellee relief upon that ground.

The bill alleges a state of facts which, if proven, show that the complainant was entitled to the right of way by prescription. It was not necessary for him to allege the conclusion of law, that the facts stated constituted a right of way by prescription, in order to entitle him to a hearing of his case on its merits.

Nor does the record sustain the further contention of appellant that the bill fails to point out the location of the right of way, and that the route established by the decree is uncertain and indefinite. The bill shows that complainant expressly claimed a right to the use of the "old Thompson road;" and alleged an actual use of it by himself for more than ten years, during

which time he had worked and repaired the same, and
that the defendant and other owners of the land through
which the road ran had acquiesced; that the "old
Thompson road" was and always had been a private
right of way incident to the James Thompson land
and was used as such by all the owners of the land
which lay between the said James Thompson land and
the public road, and that none of the owners of the
land north of the Thompson land had for more than
twenty years, and probably for sixty or seventy-five
years, ever denied the existence of such right of way or
questioned its use.    As to the identity of the road, the
bill repeatedly refers to it as a road known locally as
the "old Thompson road," which is referred to in sun-
dry deeds filed with the bill.    It is unnecessary that
the bearings and distances should be alleged, for ac-
cording to the bill the road identifies itself by marks
of travel, and by local tradition.    It is there to be
seen by any one going upon the ground.    The only part
of the road in controversy is that section of the "old
Thompson road" between the middle of Walker's big
creek and the public road which passes over the land
of the appellant.    The decree describes this section as
along the route of what is designated in the bill and
proceedings as the "old Thompson road" from the
middle of Walker's big creek to the public road, along
the route heretofore traveled, as indicated upon the
map which is filed with the deposition of J. A. Wagner
from the point "3" to the point "H."    This designa-
tion is quite sufficient to enable any one going upon the
ground and making inquiry to determine the location
of the easement, and that is all that is necessary or
required.

There is in the decree an inadvertent error in refer-
ring to the map filed with the deposition of J. A. Wag-

ner.  The point "H" in the decree should read "the point 4," the error being due to misreading the figure 4 on the map for the letter H. The point is, in fact, designated by the figure 4, and it so appears from the evidence.  It does not appear that this error can create any uncertainty in the designation intended by the decree; however, this court will, out of abundant caution, correct the error and make the decree conform to the fact.

The record abundantly establishes the claim of the complainant that this "old Thompson road" is a well known and easily designated route that has been in constant and continuous use as a private right of way by the complainant and others, without objection from any source, for much more than twenty years, and that it is a necessary convenience to those who use it as an outlet to the public road.  Such a use as is shown could indicate nothing less to the owners of the servient estate than that the user was exercising it under a claim of right.

In the case of *Williams* v. *Green*, 111 Va. 205, 68 S. E. 253, it is said: "In order to establish a private right of way over the lands of another by prescription, it must appear that the use and enjoyment thereof by the claimant was adverse under a claim of right, exclusive, continuous, uninterrupted and with the knowledge and acquiescence of the owner of the land over which it passes, and that such use has continued for a period of at least twenty years."  It is further held in the case cited that to constitute an exclusive use does not mean that the plaintiff must be the only one using the way, but *exclusive* means that the use is a proprietary use and not a use by the public generally.  It is further held that when there has been such a use for more than twenty years, the *bona fides*

of the claim of right is established and the owner of the land over which the way passes must rebut that presumption by showing permission or license from him or those under whom he claims, or denials or objections to such use under circumstances that will rebut the presumption.

From the record in the case before us, it satisfactorily appears that every requisite of a right of way by prescription laid down in the case cited is met, and there is no evidence that the use was a mere license or that its exercise was ever denied or objected to by any one.

In conclusion, we are of opinion that the decree appealed from, upon the merits of this case, is plainly right, and must be affirmed after being corrected by substituting the figure "4" for the letter "H" in the description of the right of way as hereinbefore indicated.

*Amended and affirmed.*