## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## LANDRUM V. TYLER.

### January 22, 1920.

1. PRIVATE WAYS—*Prescription — Creation.* —While no mere permissive use, however long continued, can ever ripen into a right of way by prescription over the lands of another, a private right of way over the lands of another by prescription (which presumes a grant) may be acquired by showing its adverse use and enjoyment by the claimant thereof under a claim of right; that such use has been exclusive (that is, a proprietary use, exercised under some claim which is independent of the claims of all others and not dependent for its enjoyment upon similar rights in others), continuous, uninterrupted, with the knowledge and acquiescence of the owner of the land over which such easement is claimed; and that it shall have continued for the period of at least 20 years.

2. PRIVATE WAYS—*Creation—Case at Bar.*—In the instant case, the very great weight of the evidence showed that the owner and tenants of a farm had no other means of access to the public road than by the way in question, and that this right of way was used without controversy under claim of right by the former owners of the farm, with the acquiescence of the former owners of the servient estate, the predecessors in title of the appellant, for many years. Witnesses familiar with the locality, testified to the existence and use of the way from a date prior to 1842 down to the present time. Only appellant, the present owner of the servient estate, which she acquired by inheritance a few years before the institution of the present· proceeding, has during all that period questioned the existence of the easement claimed. Long before she denied the existence of the way, and many years before she became the owner of the property, the title to the right of way by prescription had been acquired by the present and former owners of the farm.

*Held:* That appellant's failure to acquiesce in the claim of appellee to the way could not defeat the right of way.

Appeal from a decree of the Circuit Court of Hanover county. Decree for complainant. Defendant assigns error.

                                                    *Affirmed.*

The opinion states the case.

*W. D. Cardwell,* for the appellant.

*H. Carter Redd* and *S. A. Anderson,* for the appellee.

PRENTIS, J., delivered the opinion of the court.

The issue here involved is whether or not the appellee, Mrs. Tyler, as the owner of the farm called "Sligo," has a right of way by prescription over the land of the appellant, Mrs. Landrum.

[1] The doctrines of law applicable to such a controversy are so well settled and have been so fully considered and declared in recent cases in Virginia that no extended review thereof is necessary. The rule is, that while no mere permissive use, however long continued, can ever ripen into such an easement, a private right of way over the lands of another by prescription (which presumes a grant) may be acquired by showing its adverse use and enjoyment by the claimant thereof under a claim of right, that such use has been exclusive (that is, a proprietary use, exercised under some claim which is independent of the claims of all others and not dependent for its enjoyment upon similar rights in others), continuous, uninterrupted, with the knowledge and acquiescence of the owner of the land over which such easement is claimed, and that it shall have continued for the period of at least twenty years. *Cornett* v. *Rhudy,* 80 Va. 710; *Gaines* v. *Merryman,* 95 Va. 660, 29 S. E. 738; *Reid* v. *Garnett,* 101 Va. 47, 43 S. E. 182; *Williams* v. *Green,* 111 Va. 205, 68 S. E. 253; *Kent* v. *Dobyns,* 112 Va. 586, 72

76

S. E. 139; *Witt* v. *Creasey,* 117 Va. 873, 86 S. E. 128; *Muncy* v. *Updyke,* 119 Va. 636, 89 S. E. 884; *Clarke* v. *Reynolds* (Sept. 17, 1919), 125 Va. 626, 100 S. E. 468.

Tested by the established rule, it is clear to us that the decree of the trial court, adjudging that Sallie Tyler, as the owner of the Sligo farm, has title by prescription to the open road now in use, free of gates or other obstructions, leading from that farm to the county road at or near Noel station, through the lands now owned by Bessie Landrum, is without error.

[2] No good purpose would be served by attempting either to recite or to analyze the testimony. It is conflicting in many particulars, but the very great weight of the evidence shows, in substance, that the owner and tenants of the Sligo farm have no other means of access to the public road, and that this right of way was used without controversy under claim of right by the former owners of that farm with the acquiescence of the former owners of the servient estate, the predecessors in title of Mrs. Landrum, for many years. Witnesses of varying ages, familiar with the locality, testified to the existence and such use of the road from a date prior to 1842 down to the present time. Only Mrs. Landrum, the present owner of the servient estate, which she acquired by inheritance a few years ago, has during all that period questioned the existence of the easement claimed. Long before she denied its existence, claiming that such use had been allowed under a more permissive license to the owners of Sligo, revocable at will, and many years before she became the owner of her property, the title to the right of way by prescription had been acquired by the present and former owners of Sligo farm. It is unnecessary, therefore, for us to discuss the evidence upon which Mrs. Landrum relies to show that the title by prescription has not accrued because she has not acquiesced in the claim.

*Affirmed.*