Syllabus.

𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

J. STEWART MATHIAS V. WILLIAM D. HOLLAND AND WIFE
AND JOHN H. GARDNER AND WIFE.

March 16, 1922.

Absent, West, J.

1. EASEMENTS—*Drainage Rights—Interference with Easement—Injunction—Jurisdiction of Equity—Case at Bar.*—Complainants alleged that they had the right to drain the surface waters from their land over the land of defendants, and that their easement had been interfered with by defendants, and prayed for an injunction. Defendants demurred to the bill, and their demurrer was overruled.

murrer, as the jurisdiction of equity to entertain and determine
*Held:* That there was no error in the decree overruling the demurrer
such cases is well settled.

2. EASEMENTS—*Injunction to Protect Easement—Establishment of Legal Right by Action at Law—Where Right is Clear.*—On application for a permanent injunction to protect an easement, if the plaintiff's right is admitted by the defendant, a judgment at law is not required, as it is obviously unnecessary in such case. So, too, though the defendant denies the plaintiff's right or the fact of a disturbance of it, yet if, on the evidence before it, the court is of the opinion that there is no substantial dispute, but, indeed that the plaintiff's right is clear, the injunction will issue; the defendant's right to a trial at law at best extends no further than to doubtful questions.

3. EASEMENTS—*Injunction to Protect Easement—Establishment of Legal Right by Action at Law—Consent.*—On application for a permanent injunction to protect an easement, even when the questions in dispute as to plaintiff's right are doubtful, a court of equity will pass on them without requiring their determination in an action at law, if both parties consent or submit to the jurisdiction.

4. EASEMENTS—*Injunction to Protect Easement—Establishment of Legal Right by Action at Law—Substantial Dispute Between Parties.*—When, on application for a permanent injunction to protect an easement, there is a substantial dispute between the

parties as to plaintiff's right, or the interference by defendant with such right, and the parties have not submitted to have it decided by equity proceedings, the equity court will generally require plaintiff to establish his right at law before granting an injunction.

5. EASEMENTS—*Violation as Nuisance.*—In a general sense, every violation of an easement may be considered a nuisance.

6. EASEMENTS—*Injunction to Protect Easement—Establishment of Legal Right by Action at Law—Case at Bar.*—In the instant case, complainants alleged a right to drain the surface waters from their land over the land of defendants, and an interference with this right by defendants. There was much obscurity and conflict in the testimony, and a substantial dispute as to complainants' rights. The record showed that defendants had neither waived their rights nor submitted them to be decided · by the equity court.

*Held:* That complainants should be required to establish their right at law before the granting of a permanent mandatory injunction.

7. EASEMENTS—*Interference with Easement—Parties Complainant —Tenants and Remaindermen.*—Tenants and remaindermen have a substantial interest in the land and in an alleged easement of drainage appurtenant thereto, and have an independent right to institute a suit for the protection of the easement of drainage.

8. EASEMENTS—*Interference with Easement—Dismissal of Suit— Costs.*—Complainants alleged that they had the right to drain the surface waters from their land over the land of defendants, and that their easement had been interfered with by defendants, and prayed for an injunction. One of the defendants showed that before the suit had been instituted he had sold the land upon which he was charged with obstructing the drainage, and that he had no ·further interest therein. The trial court thereupon dismissed the suit as to him and awarded him his costs; and, having· decided against the other defendant, awarded the complainants their costs against him.

*Held:* No error.

Appeal from a decree of the Circuit Court of Accomac county. Decree for complainants. The named defendant appeals.

*Reversed and remanded.*

The opinion states the case.

*Mapp & Mapp*, for the appellants.

*Benj. T. Gunter* and *Warner Ames*, for the appellees.

PRENTIS, J., delivered the opinion of the court.

[1] The appellees (complainants), claiming by prescription the right to drain the surface waters from their land over and through the land of the appellant, Mathias, and one Charles Russell, filed their bill in equity alleging that their easement had been unlawfully interfered with by certain pipes or sewers which had been placed in the drainage ditch, which were too small to carry off the water; that they had notified Mathias, the appellant, and Russell (defendants) either to remove these drain-pipes entirely or to substitute larger ones which would be sufficient to carry off such water.

The defendants demurred to the bill, and their demurrer being overruled, they thereupon filed their separate answers thereto. Depositions were taken and the trial court awarded a peremptory injunction requiring the defendant, Mathias, to remove the pipes on his land within thirty days, and the questions here presented arise on an appeal from that decree.

There is no error in the decree overruling the demurrer, for the jurisdiction of equity to entertain and determine such cases appears to be perfectly well settled. *Sanderlin* v. *Baxter*, 76 Va. 299, 44 Am. Rep. 165; *Williams* v. *Green*, 111 Va. 205, 68 S. E. 253; *Witt* v. *Creasey*, 117 Va. 872, 86 S. E. 128; *Muncy* v. *Updyke*, 119 Va. 636, 89 S. E. 884; *Clark* v. *Reynolds*, 125 Va. 626, 100 S. E. 468; *Landrum* v. *Tyler*, 126 Va. 600, 101 S. E. 788.

The evidence here, however, discloses some peculiar fea-

tures which are absent from the cases just cited, and it is suggested that the complainants had no right to an injunction until both the existence of the legal right thus to drain the surface water through the land of the defendant and its disturbance had been established previously in an action at law. Without elaborating this question, we adopt the summary found in 5 Pom. Eq. Jur. (2nd ed.), sec. 1963, relating to injunctions to protect easements:

[2-4] "On application for a permanent injunction, if the plaintiff's right is admitted by the defendant, a judgment at law is not required, as it is obviously unnecessary in such case. So, too, though the defendant denies the plaintiff's right or the fact of a disturbance of it, yet, if on the evidence before it, the court is of the opinion that there is no substantial dispute, but, indeed that the plaintiff's right is clear, the injunction will issue; the defendant's right to a trial at law at best extends no further than to doubtful questions. And even when the questions in dispute are doubtful, the court of equity will pass on them, if both parties consent or submit to the jurisdiction. When, however, there is a substantial dispute between the parties, and they have not submitted to have it decided by the equity proceedings, the equity court will generally require the plaintiff to establish his right at law before granting an injunction. This rule is one of expediency and policy based on the reluctance of equity to decide purely legal questions, and there is a tendency to disregard it in modern cases, even in the restricted form above stated."

These authorities sustain the proposition that under the circumstances indicated the equity court will generally require a previous trial at law: *Rhea* v. *Forsyth*, 37 Pa. St. 503, 78 Am. Dec. 441; *Oswald* v. *Wolf*, 129 Ill. 200, 21 N. E. 839; *Perkins* v. *Foye*, 60 N. H. 496; *Oppenheim* v. *Loftus* (N. J. Ch.), 50 Atl. 795; *Hart* v. *Leonard*, 42 N. J. Eq.

416, 7 Atl. 865; *Bailey* v. *Culver,* 84 Mo. 531; *Howell Co.* v. *Pope, etc., Co.,* 171 Ill. 350, 49 N. E. 497.

[5] It is recognized by Burks, J., in *Sanderlin* v. *Baxter, supra,* in this language: "Ordinarily, where the existence of a nuisance (and in a general sense every violation of an easement may be considered a nuisance—High on Injunction, ch. 12, sec. 544) is controverted, the party seeking the interference of a court of equity will generally be required first to establish his right at law. But it is said that in cases (like the present) where the plaintiff has been long in the exercise of his right, or where delay would be disastrous, the court will not require the right to be first established at law. 2 Story's Eq. Jur. (11th ed.), sec. 925-f, and cases cited in note."

[6] Applying these principles to this case, we find certain conflicts in the testimony, and much obscurity. The obscurity grows out of the assumptions of the witnesses that the court is familiar with the locality, boundary lines, various other ditches, and with their courses and distances. The result is that the printed record leaves the mind in a state of doubt and indecision as to the facts of the controversy. There is a certainly substantial dispute, and the complainants' rights are not made clear by the testimony. Among the controverted questions are whether or not the long-continued use of the ditch before the drains were put in was adverse or permissive; whether or not a portion of the drain now complained of has been in its present place and condition for more than fifteen years, and another part thereof since 1913, and hence that the plaintiffs may be charged with acquiescence therein; and whether or not the proximate cause of the injuries of which they complain is the recent diversion of a considerable quantity of water from other lands to and upon the lands of the defendant, which did not formerly flow through this drain. It cannot be doubted, then, that there is a substantial dis-

pute between the parties, the merits of which are not made clear, and the record shows that the appellant has neither waived any of his rights nor submitted them to be decided by the equity court. Under such circumstances, the general rule is that the equity court will require the complainants to establish their right at law before granting a permanent mandatory injunction.

Taking all of the peculiar circumstances of this case under consideration, we are of opinion that the court erred in granting the relief prayed for. The disputable issues of fact involved should first be submitted to a jury in a common law action, and this suit in equity held to await the establishment or failure to establish the complainants' right. If the right is thus established, the mandatory injunction should be awarded, otherwise the bill should be dismissed.

[7] There are two incidental questions raised. One of these is whether or not these complainants can maintain the suit. It appears that the complainants, Julia J. Holland and John H. Gardner, do not own the property in *fee simple*, as alleged in the bill, but as remaindermen, subject to the life estate of their grandmother, Julia Gardner, and also occupy it as tenants from year to year. This point is without merit. Both as tenants and as remaindermen, they have a substantial interest in the land, and the alleged easement of drainage appurtenant thereto, and their independent right to institute this suit for its protection cannot be doubted. 19 C. J. 998; 5 Pom. Eq. Jur. (2nd ed.), sec. 1974; *Balcum* v. *Johnson*, 177 N. C. 213, 98 S. E. 534.

[8] Another question is as to the costs of the suit. The defendant, Charles Russell, showed that before the suit had been instituted he had sold the land upon which he was charged with obstructing the drainage, and that from that time he had had no further interest therein. There being no dispute about this, the court dismissed the suit as to

him and awarded him his costs; and having decided the case against the other defendant, Mathias, awarded the complainants (appellees) their costs against him. We see no reason for criticism of this adjudication, but the question has become immaterial at this stage of the litigation, because the entire decree will be reversed and the cause remanded for further proceedings, and the judgment for costs will follow the final decree.

*Reversed and remanded.*