# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## M. M. DAVIS, ET AL., v. R. T. WILKINSON, ET AL.

### December 18, 1924.

1. EASEMENTS—*Prescription—Presumption of Claim of Right—Burden of Proof to Rebut Presumption.*—Where there has been an open, visible, continuous, and unmolested use of the land of another for a period of time analogous to that prescribed by the statute of limitations as sufficient to acquire title by adverse possession, the use will be presumed to be under a claim of right, so as to place upon the owner of the servient estate, in order to avoid the acquisition of an easement by prescription, the burden of rebutting this presumption by showing that the use was permissive, and not under claim of right.

2. PRIVATE WAYS—*Prescription—Requisites.*—In order to establish a private right of way over the lands of another by prescription, it must appear that the use and enjoyment of the way was adverse under a claim of right, exclusive, continuous, uninterrupted and with the knowledge and acquiescence of the owner of the land through which it passes, and that the use has continued for at least twenty years.

3. PRIVATE WAYS—*Prescription—Presumption of Grant.*—Where the way has been so used openly, uninterruptedly, continuously and exclusively for a period of more than twenty years, the origin of the way not being shown, there is a presumption of a right or grant from the acquiescence of the party upon whose land the way is; this presumption of a grant or adverse right is in Virginia *prima facie* only and may be rebutted by evidence.

4. PRIVATE WAYS—*Prescription—Rebutting Presumption.*—The use of a road for more than twenty years establishes the *bona fides* of the claim of right, and the owner of the land through which the way passes must rebut the presumption by showing permission or license from him or those under whom he claims, or denials or objections to such use made under circumstances that will rebut the presumption.

5. PRIVATE WAYS—*Adverse Use—Bona Fides—Case at Bar.*—In the instant case, while it could not be said that there was, on the part of the owner of the servient tenement, no testimony in denial of the right of the plaintiff to use the private way, yet the weight of all the evidence is sufficient to show that there had existed, certainly for a period of more than forty years before the litigation arose, a recognized right of way used by plaintiff and his predecessors in title from his farm through

defendant's land and out to a public road; that the use of such a right·
of way was exclusive, continuous, and uninterrupted; that during
that long period of time there was acquiescence in the use of the
way by the successive owners of the servient tenement, and there
was no objection to its use or protest against it.

*Held:* That this was sufficient to create a right of way by prescription.

6. EASEMENTS—*Prescription*—"*Acquiescence*"—"*Permission*"—"*Consent.*"—
In dealing with a case of a private way by prescription, while the
terms *permission* and *consent* occur with frequency in the testimony of
witnesses designating the acquiescence of the owner, care must be
taken not to confuse those terms with legal permission. Acquies-
cence in the use of the way carries with it an implication of consent or
permission to its use on the part of the person acquiescing. Failure
to object to the use of the way is very often stated by witnesses as con-
sent to its use, yet such consent is mere acquiescence, and acquies-
cence is one of the elements upon which the ripening of the use into a
legal right rests.

7. PRIVATE WAYS—*Change of Location—Loss of Right.*—It is undoubtedly true
that a person claiming a private way by prescription over the land of
another cannot, either during the running of the prescriptive period
or afterwards, of his own right change the location and so endeavor
to claim a prescriptive right to another road, although parallel with
the former one. There must be at all times a definite location of the
road which is in use. However, it is equally well established that
where a person is using a right of way over· his neighbor's property
and for the convenience of the one or the other the traveled way is
changed without objection or by agreement, the owner of the dom-
inant estate does not lose his right.

8. PRIVATE WAYS—*Prescription—Erection of Gates.*—The erection of gates by
the owner of the servient estate without objection as a convenience to
farming operations does not defeat the claim of the owner of the
dominant tenement.

9. PRIVATE WAYS—*Prescription—Existence of Other Outlets.*—The existence
of other outlets to another public road does not interfere with the
right of the owner of the land to acquire a way by prescription over
the land of another.

10. PRIVATE WAYS—*Gates—Bridges—Case at Bar.*—In the instant case the
Supreme Court of Appeals amended the decree of the court below by
inserting a provision to the effect that the owner of the dominant
tenement should not injure the gates and bridges and should close the
gates.

11. PRIVATE WAYS—*Change of Law—Special Mention in Deed.*—If in the tran-
sition from old Virginia to the new Virginia with its many demands
and modern needs and conditions, it has become reasonable to require

that in conveying a parcel of real estate, to which there is appurtenant a right of way over an adjoining tract, the right of way should not pass to the grantee, unless specially mentioned in the deed, this can only be accomplished by statute.

Appeal from a decree of the Circuit Court of Brunswick county. Decree for complainants. Defendants appeal.

*Amended and affirmed.*

The opinion states the case.

*Turnbull & Turnbull,* for the appellants.

*B. A. Lewis,* and *L. J. Hammack,* for the appellees.

CRUMP, P., delivered the opinion of the court.

This is an appeal from the decree of the circuit court declaring that the appellees are entitled to a right of way acquired by prescription over the adjoining tract of land owned by the appellants.

The appellants, Davis and wife, acquired by purchase in January, 1917, a tract of land in Brunswick county formerly known as the Neblett or Sturdivant farm, upon which they have been since residing. In January, 1920, the appellees, Wilkinson and his wife, acquired by purchase the tract of land adjoining the tract owned by the appellants, and they have since resided on the tract then purchased. For purposes of convenience we will designate the land of the appellants as the Davis tract and that of the appellees as the Wilkinson tract.

The Davis tract was bounded on the side opposite to the line between it and the Wilkinson tract by a public road known as the Callahan road. Wilkinson claimed that there was appurtenant to his tract of land a right

of way from his house through the Davis tract and to the Callahan road; that such a right of way had been in use by his predecessors in title for forty years and more, and had been acquired by prescription and he was, therefore, entitled to its unobstructed use as an outlet from his farm across the Davis tract to the Callahan road.    It appears that such a road existed from Wilkinson's house to the public road, with one or more farm gates on it as it passed through the Davis farm.    It was claimed by Wilkinson that the farm gates and certain bars across the road put up by Davis, and also a ditch dug across the roadway by Davis, so obstructed its use by him as the owner of the dominant estate as to be a denial of his right to the use of the road.    This resulted in Wilkinson filing a bill in equity in which he prayed for an injunction against Davis restraining him from obstructing the proper and fair use of the roadway out to Callahan road.    Upon a hearing of the evidence, the court below entered a decree defining in detail the use of the road to which Wilkinson was entitled and enjoining Davis from interfering with the use of the road as settled and defined by the court.    From that decree Davis and wife obtained a writ of appeal.

The question, therefore, before the court is whether, on the evidence, the appellee, Wilkinson, was entitled to the right of way by prescription across the land of the appellant.

As is usually the case in litigation of this character, the testimony is to some extent conflicting and not very clear and definite on either side.    This appears in a large number of cases in which a right of way by prescription is claimed, and where there is evidence, as in this case, of witnesses of extreme old age who testify as to what they saw and understood in their youth, and nearly all of the witnesses have to rely upon their mem-

ory of what took place many years before they were testifying.

The law upon the subject of the acquisition of a private right of way by prescription, as between adjoining landowners, has been under review in Virginia in numerous recent decisions and may be taken now as well settled in this State.

[1-4] In a note at page 98 of 44 L. R. A. (N. S.), the following statement is made: "The recent cases support the general rule stated in the earlier note, namely, that where there has been an open, visible, continuous, and unmolested use of the land of another for a period of time analogous to that prescribed by the statute of limitations as sufficient to acquire title by adverse possession, the use will be presumed to be under a claim of right, so as to place upon the owner of the servient estate, in order to avoid the acquisition of an easement by prescription, the burden of rebutting this presumption by showing that the use was permissive, and not under claim of right." The doctrine thus stated has unquestionably met the approval of the appellate courts of Virginia and West Virginia. More recent cases are: *Williams* v. *Green,* 111 Va. 205, 68 S. E. 259; *Witt* v. *Creasey,* 117 Va. 872, 86 S. E. 128; *Muncy* v. *Updike,* 119 Va. 636, 89 S. E. 884; *Clark* v. *Reynolds,* 125 Va. 626, 100 S. E. 468; *Landrum* v. *Tyler,* 126 Va. 600, 101 S. E. 788; *Clatterbuck* v. *Clore,* 130 Va. 113, 107 S. E. 669; *Pruitt* v. *Shafer,* 137 Va. 658, 120 S. E. 275; *Wade* v. *Moore,* 139 Va. 765, 124 S. E. 201; *Walton* v. *Knight,* 62 W. Va. 223, 58 S. E. 1025. In *Kent* v. *Dobyns,* 112 Va. 586, 72 S. E. 139, the court stated: "The general principles of law applicable to this class of easements are well settled, and have received careful consideration by this court. For such easement to arise by prescription, the use must be with the knowledge and acquiescence of

the owner; it must be adverse, continuous and uninterrupted for at least twenty years, and along a definite line of travel.    It will not arise simply from permission of the owner, for it has been repeatedly held that the use of land of another for any length of time merely by permission will not ripen into title.    Nor must the use of the way be in common with other people.    It is not essential, however, in order to satisfy the latter principle, that the claimant shall be the only one to enjoy the right of way, since other persons may likewise acquire a prescriptive right to use it; nevertheless, claimant's right must be exclusive in the sense that it does not depend for its enjoyment upon similar rights in others." In *Williams* v. *Green, supra,* the court holds that in order to establish a private right of way over the lands of another by prescription, it must appear that the use and enjoyment of the way was adverse under a claim of right, exclusive, continuous, uninterrupted and with the knowledge and acquiescence of the owner of the land through which it passes, and that the use has continued for at least twenty years.    It was there further held that where the way has been so used openly, uninterruptedly, continuously and exclusively for a period of more than twenty years, the origin of the way not being shown, there is a presumption of a right or grant from the acquiescence of the party upon whose land the way is; that this presumption of a grant or adverse right is in Virginia *prima facie* only and may be rebutted by evidence.    It was likewise established in that case, and in subsequent cases, that the use of the road for more than twenty years establishes the *bona fides* of the claim of right, and the owner of the land through which the way passes must rebut the presumption by showing permission or license from him or those under whom he claims, or denials or objections to such use made under circum-

stances that will rebut the presumption. In concluding the opinion in *Williams* v. *Green, supra,* the court says: "The continuous, uninterrupted and exclusive use of the private way by the appellant over the lands of the appellee having existed for a period of more than twenty years, there is a *prima facie* presumption of a grant, and that such use was under a claim of right and adverse; and there being no evidence to rebut that presumption, the appellant's right to the private way was established and the trial court erred in not so holding."

These general principles above outlined have been recognized by the later cases already cited.

[5] In the instant case, it cannot be said that there was on the part of the owner of the servient tenement no testimony in denial of the right of the appellee to the use of the private way. We are satisfied, however, that the weight of all the evidence is sufficient to show that there had existed, certainly for a period of more than forty years before the litigation arose, a recognized right of way used by Wilkinson and his predecessors in title from his farm through the Davis tract and out to the Callahan road; that the use of such a right of way was exclusive, continuous and uninterrupted; that during that long period of time there was acquiescence in the use of the way by the successive owners of the servient tenement; and there was no objection to its use or protest against it.

Considering the testimony of various persons living in the neighborhood, one of whom, the witness Johnson, testified that he had resided on the Wilkinson tract for a period of seven or eight years, commencing in 1880, together with the evidence of the witness Legg, a former owner of the Wilkinson tract, and of Neblett, a former owner of the Davis tract, it is established with a fair degree of certainty that the roadway from the residence of

the Wilkinson tract to the Callahan road had been used as an outlet by the owners of the Wilkinson tract openly and continuously, with the acquiescence of the owners of the Davis tract for more than forty years.   The evidence does not show how the use of the road originated, that is, whether it began by permission of the then owner of the servient tenement or by consent between the two owners or otherwise.   It being shown that the use of the right of way was acquiesced in, known to the owners of the servient tenement and exclusive, that is, not used by the public generally, the use was necessarily adverse, inasmuch as to that extent it interfered with the use of the land by the servient owners, and the long period during which the use was enjoyed, with the acquiescence of the servient owners, establishes the *bona fides* of the claim.   And we think the trial court was correct in so holding.

[6] In dealing with a case of this character, while the terms *permission* and *consent* occur with frequency in the testimony of witnesses designating the acquiescence of the owner, care must be taken not to confuse those terms with legal permission.   Acquiescence in the use of the way carries with it an implication of consent or permission to its use on the part of the person acquiescing.   The distinction between *acquiescence* and *permission* or *consent* is made clear by Judge Kelly in *Clarke v. Reynolds, supra.*   Failure to object to the use of the way is very often stated by witnesses as consent to its use, yet such consent is mere acquiescence, and acquiescence is one of the elements upon which the ripening of the use into a legal right rests.

[7] It is contended on the part of the appellees, the owners of the servient tract, that the acquisition of the right of way by prescription was defeated because the evidence shows that from time to time during the run-

ning of the prescriptive period the exact location of the roadway had been changed. It is undoubtedly true that a person claiming a private way by prescription over the land of another cannot, either during the running of the prescriptive period or afterwards, of his own right change the location and so endeavor to claim a prescriptive right to another road, although parallel with the former one. There must be at all times a definite location of the road which is in use. However, it is equally well established that where a person is using a right of way over his neighbor's property and for the convenience of the one or the other the traveled way is changed without objection or by agreement, the owner of the dominant estate does not lose his right. It has been so held in Virginia. Thus in the case of *Hammond* v. *Ryman,* 120 Va. 131, 90 S. E. 613, the court affirmed a decree in which it was declared that Ryman had acquired the private right of way over the land of Hammond. The contention was made in that case that changes in the location of the road which Hammond had made defeated the claim of Ryman, and in regard to that the court says: "The changes in the location of the road which were made by Hammond and for his own convenience and acquiesced in by the owners of the sixty-one acre tract, were equivalent to changes of the route by agreement and did not in any way prejudice the rights of the complainant Ryman." Under the evidence in the instant case, such changes as were made occurred in the course of the use of the Davis farm and for the convenience of its owners and manifestly with the acquiescence of the owners of the dominant tract, and did not affect or prejudice the rights of those owners.

[8] It further appears in the evidence that at various times, and probably quite early in the long period during which the way was used, the owners of the servient

tract had a farm gate or gates across the way so that the gates had to be opened by the successive owners of the Wilkinson tract in making use of the way.    It is not shown that the latter owners objected in any way to the placing of these farm gates as a convenience to the owners of the Davis tract in their farming operations nor that they considered it an unreasonable burden upon the use of the way.    It is contended on behalf of the appellants that the erection of these gates from time to time by the owners of the Davis tract constituted such a protest against the use of the right of way as to stop the running of the prescriptive period, and so to defeat the acquisition of any legal right to its use.    Enclosing parts of the farm lands, through which a private way passes, by gates is not unusual and is often essential to the proper conduct of farming operations in order to keep out cattle and other stock.    The evidence in the instant case leads to the inference that the gates in question were placed in position and used by the owners of the servient tract, entirely as a part of their farming operations and without objection from the parties using the right of way.    Such an occurrence does not defeat the claim of the owner of the dominant tenement.    It was so held in the case of *Mitchell* v. *Bowman*, 74 W. Va. 498, 82 S. E. 330, in which the court quotes with approval the following from Jones on Easements:    "The rule is general that the landowner may put gates and bars across a way over his land, which another is entitled to enjoy, unless, of course, there is something in the instrument creating the way, or in the circumstances under which it has been acquired or used, which shows that the way is to be an open one.    The easement of way is for passage only.    The land remains the property of the owner of the servient estate and he is entitled to use it for any purpose that does not interfere with the

easement." We do not think that the testimony in the instant case shows that the gates placed across the way, prior to the circumstances out of which the disagreement between the present owners grew, were intended to prevent the owners of the Wilkinson tract from using the way, or that they so regarded it.

[9] It appears in the testimony that besides this way to the Callahan road through the Davis tract, there were two other outlets leading in the opposite direction, and used with more or less frequency, by which the owners of the Wilkinson tract could obtain access to public roads other than the Callahan road. It is unnecessary to consider the character of such other outlets, the frequency of their use, and the condition of such ways as existed, because it is well settled in Virginia that the existence of such means of reaching another public road did not interfere with the right of the owners of the Wilkinson tract to acquire by prescription the way out to the Callahan road; *Clarke* v. *Reynolds, supra*; *Wade* v. *Moore, supra.*

[10] The decree of the lower court in this case is of considerable length. It fixes the definite location of the roadway as it existed at the time it was entered, settles the use which the plaintiffs acquired by prescription, gives the defendants the right to maintain the usual farming gates necessary for the proper use of their farm, and covers the rights of the parties in other particulars. We think the decree should be amended by the insertion of the words italicised in a portion of it which will, as amended, read as follows: "That the heirs at law, privies and assigns of the said complainants, on their part, *shall use reasonable care not to injure said bridges and gates in the use of the same,* and shall *exercise proper care to close the gates when passing through them,* and shall do no act which shall interfere with the rea-

sonable use and enjoyment by the defendants, their heirs at law, privies and assigns, of the said way, as the case may be, provided, however, that the reasonable use and enjoyment of the said right of way by the said complainants, their heirs at law, privies and assigns, shall not be construed at any time to be an interference with the use and enjoyment aforesaid of the said way by the said defendants, their heirs at law, privies and assigns.''

We are further of opinion that one provision should be omitted from the decree altogether, as it tends to allow the complainants the right of way as a way of necessity, whereas the decree of the court is based upon its conclusion that the right of passing over the land of defendants is an easement or private right of way acquired by prescription. This provision is contained in the following clause, and the decree will be amended by striking it out, viz.:

''And the court doth further adjudge, order and decree that the said right of way as hereinabove ascertained and declared shall be, as above provided, appurtenant to the lands, now owned as aforesaid by the said complainants, as a perpetual outlet and way leading from the said lands of the complainants to the said Callahan public road, for the use and benefit of the complainants, their heirs at law, privies and assigns as a necessary mode of ingress to, and egress from, the said lands of the said complainants and of access to the said public road.''

We do not think that, amended in those two respects, there is anything in the decree prejudicial to the rights which the defendants in the case had under the decision of the court.

Comment was made by learned counsel, in arguing the case, upon the fact that both appellants and appel-

lees, at the time they purchased their respective parcels, were strangers to the neighborhood in which they intended to settle and did settle; and under such circumstances one might purchase a piece of property without knowledge that a right of way appurtenant to it existed through his neighbor's land, while another might purchase the adjoining farm without knowing that such a right existed as a burden upon it. If for this reason, and because the increase of population in Virginia, the greatly changed methods of travel and transportation, the use of improved farming machinery, the more frequent transfer of land, and more modern conditions generally, have rendered the law, settled by the decisions as to the acquisition of ways by prescription, rather inapplicable to the existing situation, the court can only say that the remedy must be by legislation.

[11] If in the transition from old Virginia to the new Virginia, with its many demands and modern needs and conditions, it has become reasonable to require that in conveying a parcel of real estate, to which there is appurtenant a right of way over an adjoining tract, the right of way should not pass to the grantee, unless specially mentioned in the deed, this can only be accomplished by statute.

On the whole case we are of opinion that it is not shown that the trial court erred in entering the decree from which the appeal was taken and, therefore, the decree will be amended as above indicated and the case be affirmed.

*Amended and affirmed.*