## Staunton.

### GEORGE W. TOTTEN, V. C. TOTTEN, HIS WIFE, AND ARTHUR TOTTEN v. ALEXANDER STUART.

September 17, 1925.

Absent, Campbell, J.

1. PRIVATE WAYS—*Prescription—Permission.*—A permissive user will never ripen into a private right of way by prescription, which presumes a grant and is in no way affected by the existence of another way.

2. PRIVATE WAYS—*Establishment of Way—Prescription—Elements.*—A claimant may establish a right of way by prescription by showing that he and those under whom he holds have used the same adversely under a claim of right, continuously, uninterruptedly, exclusively and with the knowledge and acquiescence of the owner of the servient estate, for at least twenty years.

3. PRIVATE WAYS—*Prescription—Meaning of the Word "Exclusive"— Permission—Burden of Proof.*—The use of a way is "exclusive" when it is proprietary, not a use by the public generally, and is exercised under some claim which is independent of and does not depend for enjoyment upon similar rights of others. It is not necessary, however, that the claimant be the only one to enjoy the right of way, as other persons may acquire a prescriptive right to use it, and the burden is on him to rebut that presumption by showing permission or license from him or those under whom he claims.

4. PRIVATE WAYS—*Prescription—Presumption of Grant—Permission— Burden of Proof.*—When a way has been used adversely under a claim of right, continuously, uninterruptedly, exclusively and with the knowledge and acquiescence of the owner of the servient estate, for at least twenty years, the origin of the way not being shown, the *bona fides* of the claim of right is established and a presumption of a right to the use arises from the long acquiescence of the owner of the servient estate, and the burden is on him to rebut that presumption by showing permission or license from himself or those under whom he claims.

5. PRIVATE WAYS—*Prescription—Establishment—Case at Bar.*—In the instant case it sufficiently appeared from the greater weight of the evidence that the occupants of the dominant estate, for more than fifty years, up to the time the defendants locked the gate across it, used the way in question under a claim of right, independent of the rights of others, openly and continuously, with the knowledge and acquiescence of the former owners of the land over which it passes, and that the defendants when they first claimed the servient estate, recognized the right of the complainant to use the road by making no objection to its use and by placing fences on each side of it.

    *Held:* That the lower court did not err in decreeing that complainant was entitled to a right of way, and in granting an injunction against defendants' interference therewith.

Appeal from a decree of the Corporation Court of the city of Bristol. Decree for complainant. Defendants appeal.

*Affirmed.*

The opinion states the case.

*D. T. Stant* and *L. P. Summers,* for the appellants.

*Buchanan & Buchanan,* for the appellee.

WEST, J., delivered the opinion of the court.

The Back Hollow private road intersects the Poor Valley public road on a ten acre tract of land in Smyth county. Alexander Stuart and his tenants used the Back Hollow road to get from the Poor Valley road to his lands, which were not accessible from the public road. The Tottens were in possession and claimed ownership of the ten acre tract, and locked the gate entering the Back Hollow road.

Stuart filed his bill against the Tottens, alleging that he owned the ten acres claimed by the defendants, but, if not, that he was entitled to a right of way through the land by prescription, and prayed that the

defendants be enjoined from locking the gate at the intersection of the two roads, and from in any way interfering with the complainant's use of the Back Hollow road.

The court found it unnecessary to pass upon the question of title to the ten acre tract over which the right of way runs, but decreed that the complainant was entitled to a right of way over the Back Hollow road, and granted the injunction prayed for. From that decree this appeal was allowed.

The law governing the acquisition of a private right of way by prescription over the lands of another is well settled by the decisions of this court, and may be briefly stated, as follows:

[1] A permissive user will never ripen into such an easement, which presumes a grant and is in no way affected by the existence of another way.

The claimant may establish such a right of way by showing that he and those under whom he holds have used the same adversely under a claim of right, continuously, uninterruptedly, exclusively and with the knowledge and acquiescence of the owner of the servient estate, for at least twenty years.

[2, 4] The use of "exclusive" when it is proprietary, not a use by the public generally, and is exercised under some claim which is independent of and does not depend for enjoyment upon similar rights of others. It is not necessary, however, that the claimant be the only one to enjoy the right of way, as other persons may acquire a prescriptive right to use it. When a way has been so used for a period of more than twenty years, the origin of the way not being shown, the *bona fides* of the claim of right is established and a presumption of a right to the use arises from the long acquiescence of the owner of the servient estate, and

the burden is on him to rebut that presumption by showing permission or license from him or those under whom he claims. *Cornett* v. *Rhudy*, 80 Va. 710; *Gaines* v. *Merryman*, 95 Va. 660, 29 S. E. 738; *Reid* v. *Garnett*, 101 Va. 47, 43 S. E. 182; *Williams* v. *Green*, 111 Va. 205, 68 S. E. 253; *Kent* v. *Dobyns*, 112 Va. 568, 72 S. E. 139; *Witt* v. *Creasey*, 117 Va. 873, 86 S. E. 128; *Muncy* v. *Updyke*, 119 Va. 636, 89 S. E. 884; *Clark* v. *Reynolds*, 125 Va. 526, 100 S. E. 468; *Landrum* v. *Tyler*, 126 Va. 600, 101 S. E. 788; *Clatterbuck* v. *Clore*, 130 Va. 113, 107 S. E. 669; *Pruitt* v. *Shafer*, 137 Va. 658, 120 S. E. 275. To the same effect is the opinion of Crump, P., in *Davis* v. *Wilkinson*, 140 Va. 672, 125 S. E. 700, decided by the Special Court of Appeals.

" * * * Where there has been an open, visible, continuous and unmolested use of the land by another for a period of time analogous to that prescribed by the statute of limitations as sufficient to acquire title by adverse possession, the use will be presumed to be under a claim of right, so as to place upon the owner of the servient estate, in order to avoid the acquisition of an easement by prescription, the burden of rebutting this presumption by showing that the use was permissive, and not under claim of right." 44 L. R. A. (N. S.), 98. *Davis* v. *Wilkinson, supra*.

Testing the instant case by the foregoing principles, it is clear that the court did not err in entering the decree complained of.

[5] There is no evidence as to when the use of the Back Hollow road began; and it is not contended that it is a public road. The testimony is somewhat conflicting, but it sufficiently appears from the greater weight of the evidence that the occupants of the land owned by Alexander Stuart have, for more than fifty

years, up to the time the Tottens locked the gate across it, used the Back Hollow road under a claim of right, independent of the rights of others, openly and continuously, with the knowledge and acquiescence of the former owners of the land over which it passes.

Witnesses testified that they had known it for fifty years and that it was an old road when they first knew it. When the Tottens first claimed the ten acre tract, they recognized the right of the complainant and his tenants to use the road by making no objection to its use for six or seven years and by placing fences on each side of it.

Prior to the present controversy, no one ever seriously questioned the existence of the easement claimed.

A further discussion of the testimony is unnecessary.

*Affirmed.*