# CIRCUIT COURT OF LOUISA COUNTY

James O. Hudson

v.

Central Virginia
Electric Cooperative

· May 21, 1958

BY JUDGE C. CHAMPION BOWLES

The plaintiff, James O. Hudson, filed his motion for judgment seeking damages for trespass upon his land by the defendant's building a power line thereon and alleged that the plaintiff had refused to assign an easement to the said defendant. The defendant, Central Virginia Electric Cooperative, filed its plea and alleged that the power line was constructed in 1939 and that the defendant had acquired a title by prescription. The plaintiff duly filed his replication and says that the Statute of Limitation insofar as an easement is concerned is twenty years.

The issue joined on the pleadings presents a single question of law, that is: is the period necessary to acquire an easement by prescription, assuming that all the other elements are present, fifteen years or twenty years?

The issue presented has been orally argued before the Court, and counsel have submitted their list of authorities. The defendant in support of its plea contends that Section 8-5 of the Code of Virginia, dealing with limitation of entry on or action for land is applicable because by analogy the Statute of Limitations on actions concerning real estate applies to rights acquired by prescription. Counsel for defendant cites the case of *Cornett v. Rhudy*, 80 Va. 710 (1885), and argues with some merit, that the reasoning advanced by the court in this case conflicts with the conclusion reached. This is a risk all courts take, particularly this court, when undertaking to give reasons for their conclusions, but the conclusions are decisive of the issues. The case of *Totten v. Stuart*, 143 Va. 201, 204 (1925), is referred to as authority to support the contention of the defendant. The opinion in this case quotes from 44 L.R.A. (n.s.) 98, which contains language to the effect that by analogy, the statutes on real estate actions apply to prescriptive rights; however, when the case is read,

it is plain that this reference is made to support the point there under consideration of *exclusive use*. This is made clear by reference to the case of *Davis v. Wilkinson*, 140 Va. 672 (1924), in which it is expressly stated that the period necessary in Virginia to acquire an easement by prescription is twenty years.

The defendant's counsel cites authorities in other jurisdictions to show that the majority rule sustains his position.

The counsel for the plaintiff refers the court to the case of *Cornett v. Rhudy, supra,* also cited by the defendant, and to the case of *Rives v. Gooch,* 157 Va. 661 (1932). The latter case states the period to be twenty years. Also, he calls attention to *Michie's Jurprudence,* vol. 1, p. 260, and vol. 14, p. 566, to the same effect.

It may be that both of the very busy and able counsel did not have an opportunity to consult the very well recognized authority on real property in Virginia, that is, *Minor on Real Property*. This work at vol. 2, p. 1139, sect. 1058, states the rule as follows:

> As has been pointed out, the theory of the common law is that the adverse enjoyment must have continued immemorially, that is, from a time whereof the memory of man runneth not to the contrary, in order that a prescriptive right to the easement or other incorporeal property may arise.
>
> But practically, the courts permit such immemorial enjoyment to be conclusively presumed from the proof of an enjoyment for a reasonable period, fixed in Virginia, as well as at common law, arbitrarily at twenty years of honest, uninterrupted, notorious, exclusive, and adverse enjoyment, *which period is not reduced, in Virginia at least,* by analogy to the statute of limitations affecting lands, to the period prescribed by the statute; *but is a separate and distinct period.*

The Virginia Courts may have modified the foregoing rule to change the conclusive presumption to a rebuttable presumption, but in all other respects, the rule seems to be applicable. Our Court of Appeals has by a long line of cases approved the rule that a twenty-year period is necessary to acquire a right by prescription. For a few cases, see *Rives v. Gooch,* 157 Va. 661; *Reid v. Garnett,* 101 Va. 47, 43 S.E. 182 (1903); *Field v. Brown,* 65 Va. (24 Gratt.) 74 (1873); *Scott v. Beutel,* 64 Va. (23 Gratt.) 1 (1873); and *Nichols v. Aylor,* 34 Va. (7 Leigh) 546 (1836).

450

In view of the foregoing, the court is of the opinion that the defendant's plea in this action must be overruled.