## Richmond

PAT M. McCAULEY, ET AL. v. DONALD F. TUCKER, ET AL.

January 20, 1964.

Record No. 5672.

Present, All the Justices.

The opinion states the case.

*William J. Gibson,* for the appellants.

(*William M. Scaife, Jr.,* on brief), for the appellees.

BUCHANAN, J., delivered the opinion of the court.

Donald F. Tucker and Marjory H. Tucker, his wife, complainants, filed their bill in chancery claiming a right by prescription to a roadway "of the width of about twenty-five feet" beginning on their land, conveyed to them by Leonard C. Miller and wife in May 1961, and continuing through the adjoining land of the defendants, Pat M. McCauley and wife, to State Route No. 652, known as the Truslow Road. They alleged that they and their predecessors in title had made constant, continuous, adverse, hostile, notorious, and exclusive use of the road for more than twenty years. They further alleged that

the defendants had destroyed a bridge over which the roadway passed on their property, making the road impassable. They prayed that an injunction be granted restraining the defendants from obstructing their use of the road.

Defendants filed an answer denying the allegations of the bill and alleging that the road now claimed by complainants was opened in 1956, and that prior to that time neither the complainants nor their predecessors had ever used it. Defendants also alleged that complainants' predecessors in title used outlets other than that across defendants' land, and that any use of the road in question was with the express permission of the defendants.

Upon consideration of the pleadings and the evidence, all of which was by depositions, the court below entered the decree appealed from adjudicating that the complainants had acquired by prescription a right of way, not otherwise described, across the land of the defendants and enjoining the defendants from interfering with the use thereof by the complainants and their successors.

It appears from the record that by deed of May 25, 1956, Bascom S. Pribble, Jr., special commissioner, conveyed to the defendants a tract of 82.6 acres formerly belonging to Aubrey R. Abel. Along the south edge of this tract is State Route 652. On the north side of this tract is a 24-acre tract owned by the complainants and conveyed to them by Leonard C. Miller and wife by deed of May 6, 1961. The Millers own a 37-acre tract adjoining the complainants' land on the north.

The depositions given by the complainants' witnesses were in material part as follows:

Allen H. Withers testified that he was born in 1883 on the property now owned by the Millers and lived there about twenty years. His knowledge of the neighborhood was in a period prior to 1924. He was asked what outlet was used to the public road when he lived on the Miller property and he answered, "We used the outlet we come out here through Bettis, but he sold it to somebody, we come out by the hill at Bettis, to the highway." He was asked whether he was familiar with the road as it now exists across the McCauley land, as to "how it goes or where it goes," and he said, "That was the only outlet we had. We had some neighbors who let us come through the place when it was dry, we had a bad road and we couldn't get out * * only outlet there was, it has been there over eighty years." Asked how long the use continued that he referred to, he responded that he did not know because he had moved away

from there in 1924; but he said, "The people used it back there always." Asked as to who else "used those roads in there," he replied, "I don't know, just people come back and forth through there, I don't know who used it."

John W. Withers testified that he was born in 1885 on the property now owned by the Millers, and lived for several years in the house where the Tuckers now live. Asked how, from his earlier recollection, he and his family traveled from this property to the public highway, he answered, "The same road that goes there now only one outlet there. We had a couple of outlets but we didn't use them seldom." One of these, he said, was through Porter Snellings, and another was through John Wallace's place. He said they did not go that way often; that if Mr. Snellings wouldn't let them go across his property, "we used the old highway that comes by Mr. Tucker's home, that is the road we used all together." That road, he said, passed around the edge of the McCauley land.

Keith Wine, 76 years old, a former resident on and owner of the Miller property, testified that he had lived in the neighborhood all of his life and that "in dry weather we could use the road across Mrs. Howdershelt's or Mr. Wallace's, any other time, we had to use the road we are talking about."

James Snellings, 55, testified that he, since childhood, had been familiar with the property owned by complainants and with the road that was used for getting in and out of the property. He was asked, "What road was used to get from that road [State Route 652] back and forth to the property where Mr. Tucker now lives?" He answered, "Just below Wallace's place you turn right by Mr. Keith Wine he and Mr. Self live on that road leads right on over there." He said that McCauley "owns the property that crosses it now." That, he said, "is the only one that has been used except for special occasions."

Neither of the complainants testified that the road over the McCauley land had been used by them in any fashion.

The witnesses for the defendants testified in substance as follows:

Defendant McCauley introduced as Defendants' Exhibit 3 a sketch of defendants' property, showing a road entering it across its northern boundary near its northwest corner, running southwardly about halfway through defendants' land and near its western boundary lines, and then turning west and crossing defendants' western boundary line, as further described below. This road was sketched in black pencil and described by McCauley as "the right-of-way prior to

1956 * * from the Tucker property * * to 652," the Truslow Road. After leaving the defendant's property the evidence indicates that it goes through the land of Hansford Abel to the Truslow Road "over on that side."

From the point where this road turned west, McCauley traced in red pencil a road continuing southwardly through the west side of defendants' land to the southern boundary thereof into State Route 652. This road, said McCauley, was built by Dennis Courtney in 1956. It is part of what complainants appear to claim as their right of way. McCauley testified that he gave Leonard Miller, one of the Tuckers' grantors, permission to use this section in 1958 before the Millers made their deed to the Tuckers. Tucker, he said, never asked for such permission but claimed it was his right of way.

Dennis Courtney testified that he lived on the Tucker property from June 1956 to June 1957 when it was owned by Hansford Abel; that he built the road indicated in red on Defendants' Exhibit 3 in 1956, and "there were trees and everything in it when I cleared it." He said that there was then a road to the Tucker place through the Wallace place [on the west], but he could not get in that way and for that reason he opened a road on the south end of the McCauley property, and there was no road there until he built it.

Leonard C. Miller and his wife, Jewel Miller, who conveyed the Tucker tract to the Tuckers by deed of May 1961, own the property just north of the Tucker land, and they have lived there in sight of the Tucker home since 1951. They testified that from the time they moved there until 1956 or 1957, they traveled to the Truslow Road [No. 652] through Hansford Abel's land, which was the old Wallace place, and their children went to school through a portion of the McCauley land, west across Windgrove's land; that there was no road and no sign of a road continuing south through the McCauley property until it was cut there by Courtney with a bulldozer in June 1956, after which time they used it occasionally with Mc-Cauley's permission. When they sold to the Tuckers they told them that they (the Tuckers) always had a right of way over the Miller property, reserved in a deed to that property when it was conveyed to Keith Wine in 1910. Mrs. Miller testified that she told the Tuckers at the same time that McCauley let them use the road over his land when the other outlet was bad, and that he probably would give them, the Tuckers, the same permission.

None of the deeds introduced in evidence calls for any right of way over the defendants' land. The claim of the complainants that

they have obtained by prescription a roadway leading from their property entirely through the land of the defendants into State Route 652, the Truslow Road, is not supported by the evidence.

There is in the evidence no description of such road purporting to give its width, condition or location, other than the pencil sketch referred to above, made by defendant McCauley, identified as Defendants' Exhibit 3. This road so indicated turns west before it reaches the lower southwest corner of the defendants' land, which corner is shown on a recorded plat made in 1936 as being at a rock at the end of a line running South 3° 30' West 769.2 feet. The land lying west of this line, into which this pencil sketched road would enter, is designated on the plat as "Est. of Morgan Snellings," with a pencil notation "now Wingrove" added by somebody.

Some of the testimony of complainants' witnesses indicates that the road used prior to 1956 took the course last above described. None of complainants' witnesses testified to the existence of a roadway entirely through defendants' land to State Route 652 which can be identified with any reasonable certainty, or to the use of such a road for the time and of the character necessary to establish a way by prescription.

On the other hand there is clear and uncontradicted evidence by defendants' witnesses that the southern part of the right of way claimed by the complainants did not exist as a road until it was bulldozed by Courtney in 1956; and this evidence is corroborated in part by one of complainants' witnesses, James Snellings.

What is necessary to establish a private right of way by prescription is thus stated in the recent case of *Craig* v. *Kennedy*, 202 Va. 654, 657, 119 S.E.2d 320, 322:

"In order to establish a private right of way over the lands of another by prescription it must appear that the use of the roadway by the claimant was adverse, under claim of right, exclusive, continuous, uninterrupted, and with knowledge and acquiescence of the owner of the land over which it passes, and that such use has continued for a period of at least twenty years. *Powell* v. *Magee*, 191 Va. 315, 321, 60 S.E.2d 897, 900; *Williams* v. *Green*, 111 Va. 205, 207-208, 68 S.E. 253, 254."

In *Rhoton* v. *Rollins*, 186 Va. 352, 363, 42 S.E.2d 323, 328, we said:

"It must also be along a definite line of travel; it will not arise simply from permission of the owner, nor must the use of the way be in common with other people. * * '[C]laimant's right must be ex-

clusive in the sense that it does not depend for its enjoyment upon similar rights in others.' * *.' "

We conclude that the evidence here was not sufficient to support the trial court's decree. The evidence relied upon to show twenty years of adverse use along a definite line of travel must relate with reasonable certainty to the right of way claimed. It is impossible to determine from this record just what road complainants' witnesses were talking about, and it cannot be said with any certainty that their testimony related to that part of the roadway which defendants assert was built in 1956.

The decree appealed from is reversed and the injunction therein granted is dissolved, but the decree to be entered here will preserve to the complainants such rights as they may have in the roadway through defendants' land outlined by black pencil marks on Defendants' Exhibit 3.

*Reversed and final decree.*